Argued May 7, reversed June 2, 1914.

# SCHUMACHER v. MOFFITT.*

(142 Pac. 353.)

**Accord and Satisfaction—Acceptance of Partial Payment—Liquidated or Unliquidated Claim.**

1. Where a claim is unliquidated, the creditor, by accepting a check with the words "in full settlement of account to date" written upon it, is estopped from claiming that there has not been a full accord and satisfaction, but this is not so where the demand has been liquidated.

> [As to payment of sum less than debt and when same amounts to accord and satisfaction, see notes in 64 Am. Dec. 138; 28 Am. Rep. 293.]

**Work and Labor—Action—Question for Jury.**

2. In an action for balance due for labor, evidence *held* to authorize submission to the jury of the question whether a positive agreement had been reached by the parties as to the amount due.

**Trial—Instructions—Sufficiency.**

3. In an action for a balance due for labor, an instruction that, if a tender made by defendant was accompanied by declarations and acts amounting to a condition that if the plaintiff accepted the amount it was in satisfaction of his demand and plaintiff understood that he took it subject to that condition, an acceptance would estop him from claiming that anything further was done, but, if it was not tendered on those conditions, it would not be in accord and satisfaction, was error, where the check tendered in payment had the words "In full settlement of account to date" written upon it.

**Trial—Verdict—Designation of Amount.**

4. A verdict finding "for the plaintiff as prayed for in his complaint" is irregular, but, in the absence of objection at the time, it is sufficient.

From Sherman: DAVID R. PARKER, Judge.

In Banc. Statement by MR. CHIEF JUSTICE MC-BRIDE.

This is an action by F. C. Schumacher against N. E. Moffitt, to recover a balance due for labor performed.

---

*As to the acceptance or remittance of part of the amount of unliquidated or disputed claim, accompanied with the statement that it is "in full" or words of similar import, as assent to its receipt in full payment, see notes in 14 L. R. A. (N. S.) 443 and 27 L. R. A. (N. S.) 439.

On the question of accord and satisfaction by part payment, see note in 20 L. R. A. 785. See, also, notes in 6 L. Ed. 159; 9 L. Ed. 1047; 10 L. Ed. 1046, and 26 L. Ed. 1186.     REPORTER.

Upon the trial the plaintiff testified on his own behalf, and no testimony was introduced on behalf of defendant. Among other matters plaintiff testified that in December, 1912, he and the defendant had a settlement. The whole of his testimony in respect to the alleged settlement is as follows:

"Q. Now, do you remember what the result was after you got together with these figures?

"A. Why, we got our figures to correspond at the very last. We got them to correspond—after settlement, we got them to correspond, and we quit at that, at least I did.

"Q. Was there an agreement between you that that was the correct figure?

"A. That was the agreement.

"Q. Now, do you remember how much the total amount was that you had earned while you were working there, not counting the credits you had received?

"A. $686.60.

"Q. Now, at the time you agreed on the figures, do you remember how much you had been credited with up to that date?

"A. $529.10.

"Q. Are you positive of those figures?

"A. I am.

"Q. Now, did you ever receive any payment on this balance after you had agreed on the figures?

"A. I received $75.

"Q. Now, before you had received this $75, how much was actually due; that is, according to the figures you had agreed upon?

"A. $157.50.

"Q. And after you determined that amount was due you received a payment of $75.

"A. Yes, sir.

"Q. Then, what would be the balance still due?

"A. $82.50.

"Q. Has that amount ever been paid?

"A. No, sir.

"Q. Now, you might explain to the jury the circumstances of the payment of that $75.

"A. About the first part of January, 1913, Mr. Moffitt came up to the ranch, and we finished our settlement so the next morning I took him to the train at McDonald. On the way down there he says: 'I will tell you what I will do, I will pay you $50 and call it a settlement in full.' I told him I couldn't do that; so finally we talked quite awhile. He says: 'I will do better; I will give you $75 and call that a settlement in full.' So I refused that, and he finally agreed to give me $100.

"Q. How much was actually due you, according to the figures at that time?

"A. $157.50, and he offered $100 as settlement in full. I refused that. So then he said he didn't have his check-book with him, but he would go down below and send me a check for $75, and we would arbitrate for the balance.

"Q. Did you agree to arbitrate for the balance?

"A. I did not.

"A. Did you ever agree to arbitrate for the balance?

"A. I did not.

"Q. Did you ever receive any further payment?

"A. I received that $75."

The court, over defendant's objection, gave the following instruction:

"Now, on this question of accord and satisfaction, you are instructed that, if you find from the evidence in this case that the tender was accompanied by declarations and acts so as to amount to a condition that if the creditor (that is, the plaintiff) accepted the amount offered, it was in satisfaction of his demand, and the creditor (that is, the plaintiff) understood therefrom when he took it that he took it subject to that condition, in full settlement, then an acceptance by him of that check would estop him from claiming that he has anything due him. That is, he would have to accept that as full and complete settlement and satisfaction of his debt; then his action in accepting the tender under

71 Or.—6

such conditions will speak, and his words of protest will not avail him. But if, on the other hand, you find it was not tendered by the defendant on those conditions, and was not accepted by the plaintiff upon those conditions, then it would not be accord and satisfaction.''

The plaintiff had a verdict, which was in the following form:

''We the jury sworn to try the above-entitled cause find for the plaintiff as prayed for in his complaint.''

The plaintiff had judgment on the verdict for $82.50, and defendant appeals.        REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Bright, Bryant & Ellis,* with an oral argument by *Mr. M. G. Ellis.*

For respondent there was a brief and an oral argument by *Mr. C. M. Huddleston.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. It is contended by the defendant that the plaintiff, by accepting and cashing the check for $75 with the words ''In full settlement of account to date'' written upon it, is estopped from claiming that there has not been a full accord and satisfaction of his claim. Where a claim is unliquidated, this is undoubtedly the law: See *Andrews* v. *Haller Wall Paper Co.,* 32 App. D. C. 392, as reported in 16 Ann. Cas., p. 192, the notes to which case cover nearly every phase of this subject; also *Fuller* v. *Kemp,* 138 N. Y. 231 (33 N. E. 1034, 20 L. R. A. 785), and notes. The law is otherwise where a demand has been liquidated, and it is now settled by the great weight of authority that an acceptance of a lesser amount than that actually agreed to be due upon

a liquidated demand is not a good accord and satisfaction: 1 Cyc. 319, and cases there cited.

2. It will be observed that the evidence of plaintiff as to the alleged settlement is not clear. It is true he says that they discussed the matter and compared items in the evening, and that they finally got their figures to correspond, and agreed that $157.50 was the amount due; but next morning found them threshing the matter over again, defendant first offering plaintiff $50, $75, and then $100, and finally proposing to give him a check for $75 and to arbitrate the balance, which offer plaintiff declined. Under these circumstances the court properly submitted to the jury the question as to whether any positive agreement had been reached by the parties as to the amount due.

3. The instruction quoted in the statement was erroneous. If the claim was unliquidated and the plaintiff accepted and cashed the check with the words "In full settlement of account to date" written upon it, it does not matter whether he understood the legal effect of his act or not, or what his intent was when he cashed the check. The legal effect of his act was to satisfy his demand. It was not necessary that he should have understood that the effect of the language used would be to estop him from urging payment of an additional amount.

4. The verdict was irregular, but the intent of the jury can be deduced from it, and, in the absence of any objection at the time of its rendition, it was sufficient; but, being based on an erroneous direction as to the law, it cannot be accepted as a correct finding of facts.

The judgment will be reversed, and a new trial directed.  REVERSED AND REMANDED.