# KILANDER, *Respondent,*
## *v.*
# BLICKLE CO., *Appellant.*
## (TC 419-930, SC 24590)
### 571 P2d 503

Christie H. Wiater, Portland, argued the cause for appellant. With her on the briefs were Miller, Anderson, Nash, Yerke & Wiener and John R. Bakkensen.

Frank M. Ierulli, Portland, argued the cause and filed a brief for respondent.

LINDE, J.

**LINDE, J.**

Plaintiff sued for a sales commission of $10,750 claimed to be owed him over and above $4,250 previously paid by defendant. Defendant pleaded an affirmative defense of accord and satisfaction by the payment of the $4,250, this being the commission defendant considered to be due. The trial court withdrew this defense from the jury. The jury returned a verdict for the $10,750 claimed by plaintiff, judgment was entered, and defendant appeals.

The case presents the single question whether a creditor's acceptance of a payment tendered in full satisfaction of a disputed or unliquidated claim can constitute an accord and satisfaction when the amount tendered is no greater than the debtor admits he owes. We hold that it can.

The dispute arose from a transaction in which defendant's president, Richard Blickle, orally agreed that defendant would pay plaintiff a commission if plaintiff obtained a buyer for defendant's dredge. According to defendant's version of the negotiations, the commission was to be either five per cent of the sale price, if defendant bore certain risks and expenses of sale, or any sum in excess of $65,000 net to defendant if plaintiff arranged a cash sale. Plaintiff denied that the second alternative was conditional on his finding a cash buyer. He obtained a purchaser who bought the dredge for $85,000 on an installment contract and claimed a commission of $20,000 less expenses incident to the sale.

■ Defendant paid plaintiff $4,250, or five per cent of the sale price, by two checks for $2,125. Plaintiff cashed these checks. Defendant presented evidence that each check, when delivered to plaintiff, was accompanied by a voucher stating that the check represented one-half of the total commission, the second voucher describing the second check as the "final" half of the total of $4,250. Defendant denied having seen either voucher. The evidence sufficed to

[·427·]

make a jury issue whether there was a bona fide dispute about the amount of commission due, at the time the checks were given to plaintiff, and also whether the plaintiff received the vouchers and cashed the second check with notice that it was tendered in full satisfaction of his claim. Accordingly, the defense should have gone to the jury unless it falls outside the general rule of accord and satisfaction recognized in *Schumacher v. Moffitt,* 71 Or 79, 142 P 353 (1914) and *Pederson v. Portland,* 144 Or 437, 24 P2d 1031 (1933) and reaffirmed most recently in *Edgley v. Jackson,* 276 Or 213, 554 P2d 476 (1976), that acceptance of a check tendered in full payment will discharge an unliquidated claim disputed in good faith.[1]

■■   The premise of an accord and satisfaction is contractual. *See, e.g., Harding v. Bell,* 265 Or 202, 209, 508 P2d 216 (1973); *Capps v. Georgia-Pacific,* 253 Or 248, 453 P2d 935 (1969), and cases cited. The only argument why a creditor's acceptance of a tendered "final payment" in the amount the debtor admits he owes might not be an accord and satisfaction is that it lacks consideration. That view has been taken in some jurisdictions. *See, e.g., Buel v. Kansas City Life Ins. Co.,* 32 NM 34, 250 P 635, 52 ALR 367 (1926), and an annotation in 112 ALR 1219 (1938). Most authorities state that where only one debt or claim is involved, present payment of an amount admittedly due will support the consensual discharge of the entire claim. 1 Williston, Contracts (3d ed Jaeger 1957) 528-531, §129; 6 Corbin, Contracts (1962) 163-166, §1289, and 169-170, §1290. That is also the position taken by the Restatement. See 2 Restatement, Contracts 792, §420, Comment *a,* Illustration 2; Restatement of Contracts

---

[1] *ARV v. AMFAC Merchandising Corp.,* 273 Or 558, 542 P2d 898 (1975) cited by plaintiff, is not to the contrary. It presented the contrary situation—full payment by the debtor of an invalid claim pressed by the creditor—and the court found the payment not to be a new agreement on a performance different from that claimed to be due. In the present case, the jury could have found such an agreement from the vouchers accompanying defendant's checks and plaintiff's cashing the checks with knowledge of the vouchers.

2d 162-163, §76B, Comment *c* and Illustration 4 (Tent. Draft Nos. 1-7, 1973). This we think is the better view. It would be too technical a use of the doctrine of consideration to release a well-counseled debtor who tenders a nominal amount beyond his admitted debt but to trap one less sophisticated who is induced to pay the undisputed amount in return for his creditor's illusory promise to forgive the rest.

The creditor who confronts the unpalatable choice between pressing a disputed claim or abandoning it in return for present payment of an undisputed amount may not be helpless in the face of what one text calls "an exquisite form of commercial torture." White and Summers, Uniform Commercial Code (1972) 452, §§13-21. In a transaction to which ORS 71.2070 applies, he may well have the option under ORS 71.2070 to collect the tendered "final" payment "under protest," or "without prejudice," or with some other explicit reservation of his rights to the remaining claim[2]—at least unless the debtor has, in turn, expressly demanded a waiver of that option. *See id.* at 453-454 and note 184; Calamari and Perillo, Contracts (1970) §§65, 94. *See also Scholl v. Tallman,* 247 NW2d 490 (SD 1976). If so, this UCC remedy is further reason to leave the settlement of disputed arm's-length transactions to the parties' dealings with tendered payments; but we do not decide this question on the present facts. In any event, when a debtor tenders payment upon condition that it is accepted as discharging a disputed or unliquidated debt, and the creditor accepts the payment upon this condition, the debtor is entitled to regard the matter as settled.

In the present case, there is disputed evidence whether this is what occurred. The jury found, in

---

[2]ORS 71.2070:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.

response to a special interrogatory, that the initial agreement was as claimed by plaintiff, but they were prevented from considering defendant's contention that plaintiff knowingly accepted defendant's $4,250 as a full settlement of his commission. Perhaps defendant could not convince the jury of that, but he was entitled to try. Accordingly, the case must be remanded for a new trial.

Reversed and remanded for a new trial.