Argued October 11, 1978, affirmed February 21, 1979

COOVER, *Respondent,*
*v.*
G & J ELECTRIC, INC., *Appellant.*
(No. 98947, SC 25610)

590 P2d 720

Carl Lloyd Gay, certified law student, and Albert C. Miller, of Claussen, Billman, Coleman & Stewart, P.C., Salem, argued the cause for appellant. On the briefs was Albert C. Miller, Salem.

Edward L. Clark, Jr., of Clark, Marsh & Lindauer, Salem, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Holman, Howell and Lent, Justices.

DENECKE, C.J.

## DENECKE, C. J.

Plaintiff brought this suit to require the defendant to account for amounts payable to plaintiff under a stock redemption agreement.

The defendant corporation was formed by plaintiff and Jerry Boldt. After four years, plaintiff and Boldt decided that they did not wish to remain in business together. They determined that Boldt would continue the business alone. A stock redemption agreement was drafted by an attorney for Boldt, and executed by plaintiff and the corporation. The agreement provided in part that plaintiff was to receive all amounts collected by the corporation on certain accounts receivable which were listed on an attachment to the agreement. Defendant has paid only one-half of the amounts collected.

Defendant's answer prayed for reformation of the agreement based on mutual mistake. It also alleged as an affirmative defense that plaintiff had accepted as an accord and satisfaction one-half of the accounts receivable. The court decreed that defendant should pay plaintiff the remaining one-half of the accounts collected.

Defendant first contends that it should have prevailed on its affirmative defense of accord and satisfaction. Each month after the signing of the redemption agreement, defendant tendered to plaintiff a check for one-half of the accounts receivable owed to plaintiff which it had collected during the preceding month. The tendered checks bore various notations which were of two basic forms. A notation of the form "1/2 of accts. rec. for [name of month]" appeared on seven of the checks. Eight checks bore a notation similar to, "1/2 of Accts. Rec. for [name of month], in full."

The defense of accord and satisfaction is made out when parties to a disputed claim have agreed to resolve their dispute by the tender and acceptance of

[249]

some substituted performance. The defense is also made out "when a debtor tenders payment upon condition that it is accepted as discharging a disputed or unliquidated debt, and the creditor accepts the payment upon this condition * * *." *Kilander v. Blickle Co.,* 280 Or 425, 429, 571 P2d 503 (1977).

In *Lenchitsky v. H. J. Sandberg Co.,* 217 Or 483, 343 P2d 523 (1959), plaintiff was tendered a check on a disputed claim and told that it was all he would get. We stated as a general rule:

> " 'To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; *that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmistakable manner.'* * *." 217 Or at 490.

The reason for requiring that the intention be made clear is the ambiguity inherent in the acceptance of the debtor's tender by the creditor. Unless the condition of discharge is made clear, the natural assumption is that the creditor has accepted part payment and is entitled to expect additional payment in the future.

In *Lenchitsky,* we held that tender accompanied by the statement, "This is all you are going to get," did not clearly express an intention that the payment was tendered in full satisfaction of a disputed debt. "Where the negotiations surrounding an alleged accord and satisfaction are doubtful and permit of conflicting deductions, they are to be resolved by the trier of fact." *Lenchitsky,* 217 Or at 493.

We believe it is obvious that the notations on the checks tendered by defendant fall far short of the required clarity to establish an accord and satisfaction. The notations do not refer to the underlying obligation, but merely purport to be one-half of the accounts collected. There is nothing to indicate that the amounts tendered were intended to extinguish

plaintiff's rights under the redemption agreement to receive the full amount.

But defendant asserts that plaintiff's testimony establishes that he understood that intention. This assertion is based upon the following testimony by plaintiff on cross-examination:

"Q. What was your understanding when you received those checks as to what that notation meant?

"A. Well, I thought it was just a little bit of a childish way of getting around something, myself, which to me, half—that's a check for half the accounts receivable, that's fine. It could have been for a fourth of the receivables.

"* * * * *.

"Q. Mr. Coover, when you read that notation, did you believe from reading that notation that the Boldt's intention was that that check was payment in full for what they owed you up to that date?

"A. Well, that's what they were trying—in my mind, what they were trying to get around is that they are paying for it in full; but to me it wasn't. It was only paid half of it which is what it says.

"Q. You understood—It was your impression that was their intention from reading the notation?

"A. Well, that's their intention probably."

■ ■ We believe that at best plaintiff's responses to the leading questions of defendant's counsel are ambiguous. It is true that acceptance of a check clearly tendered with the intention that its acceptance will satisfy a disputed claim operates as an accord and satisfaction regardless of the intent of the creditor. *Edgley v. Jackson,* 276 Or 213, 218, 554 P2d 476 (1976); *Schumacher v. Moffitt,* 71 Or 79, 83, 142 P 353 (1914). But plaintiff's responses do not indicate that he understood that the check was tendered on such condition. Under the circumstances, we believe that the trial judge who heard and saw the witnesses was in a superior position to determine what weight and effect should be given to plaintiff's testimony. We,

[251]

therefore, defer to his conclusion that defendant did not establish the defense of accord and satisfaction.

■ Defendant also contends that the court erred in refusing to reform the redemption agreement based on a mutual mistake of the parties. Reformation based upon mutual mistake is proper when it is proved that the parties reached a clear and definite agreement as to the terms of a contract, and that by mistake the subsequent written agreement misstates the terms of their agreement. *Frick v. Hoag,* 277 Or 135, 559 P2d 879 (1977).

■ The evidence at trial indicates that the parties orally agreed that they would split the assets of the business evenly, including the outstanding accounts receivable. Plaintiff, however, also asserted that he should be allowed some additional compensation for the value of the business as a going concern; that is, good will. Boldt admitted that plaintiff had raised that issue during negotiations. Boldt's response had been that in his opinion the business had no value as a going concern. The matter was not discussed further. Boldt believed that plaintiff had acquiesced. Plaintiff, however, testified that he continued to believe he should receive additional compensation. He was of the opinion that the attorney hired by Boldt to draft the agreement would attempt to determine the terms of a fair settlement and incorporate them into the agreement. Defendant's bookkeeper also was present during a portion of the negotiations. She testified that the parties had agreed to a 50-50 split of the assets of the corporation, including the accounts receivable. She admitted, however, that she was not present when plaintiff asserted that he should receive compensation for the going-concern value of the business. The attorney who drafted the agreement testified that the Boldts had told him plaintiff was to receive only one-half of the accounts receivable. But he mistakenly believed that the list of accounts supplied by the Boldts which he appended to the agreement was only half of the total receivables.

The Boldts were given ample opportunity to study the agreement prior to signing. Although the agreement clearly provides that plaintiff is to receive all amounts collected on the outstanding accounts, the Boldts testified that they were unaware of the mistake until some time later. There is no question that the document as drafted did not express Boldt's understanding of the agreement. However, we are of the opinion that defendant has not sustained its burden of establishing by clear and convincing evidence that there was a definite antecedent oral agreement. The refusal of the trial court to reform the written agreement was proper.

Affirmed.