Argued August 22, affirmed September 24, 1979

REPPERT & CO.,
*Appellant,*
*v.*
PLAID PANTRIES, INC.,
*Respondent.*

(No. A 7802 01854, CA 13555)

600 P2d 494

Theodore D. Lachman, Portland, argued the cause and filed the brief for appellant.

Lois I. Beran, Portland, argued the cause and filed the brief for respondent.

[313]

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff brought this action to recover unpaid insurance premiums. Defendant pleaded as an affirmative defense that the recovery sought by plaintiff was barred by an accord and satisfaction. Defendant moved for summary judgment based on the affidavit of its president and on accompanying exhibits which included a letter from defendant's president to plaintiff. The letter described relevant earlier events leading to the dispute as to the amount owed, and concluded:

> "Enclosed you will find a check for [a lesser amount than plaintiff claimed was due]. This will settle our account."

Plaintiff negotiated the check.

■ The trial court granted summary judgment, and plaintiff appeals. The only issue to our decision is whether the trial court was correct in concluding as a matter of law that an accord and satisfaction was consummated. Generally, accord and satisfaction is an affirmative defense which the defendant has the burden of proving. *Lenchitsky v. H. J. Sandberg Co.*, 217 Or 483, 490, 343 P2d 523 (1959). However, in *Edgley v. Jackson*, 276 Or 213, 554 P2d 476 (1976), the Supreme Court held, apparently as a matter of law, that an accord and satisfaction occurs when one party to a contract delivers a check to the other, with a notation clearly communicating that the check is intended as full satisfaction of a disputed claim, and the check is negotiated by the receiving party. In such situations, it is unnecessary that the receiving party's intent to satisfy the claim be separately proved. The court stated:

> "* * *[W]hen one party says, in effect, 'Here is your money; if you accept it it is understood that you have no further claims against me,' and the other indicates acceptance by taking and using the money, the acceptance is final." 276 Or at 218-19.

[315]

The Supreme Court's later decision in *Coover v. C & J Electric*, 285 Or 247, 590 P2d 720 (1979), casts some doubt on the suggestion in *Edgley* that either party's intent can be ascertained as a matter of law and on the clear statement in *Edgley* that whether the creditor intended to settle is irrelevant. The court stated in *Coover:*

"* * * It is true that acceptance of a check clearly tendered with the intention that its acceptance will satisfy a disputed claim operates as an accord and satisfaction regardless of the intent of the creditor. [Citations omitted.] But plaintiff's responses [as a witness] do not indicate that he understood that the check was tendered on such condition." 285 Or at 251.

It is seemingly anomalous to regard the creditor's intent as irrelevant if, in order for his negotiation of a check to give rise to an accord and satisfaction, he must understand that the check was intended by the payor to have that effect. The Supreme Court's apparent meaning is that the creditor's intent to settle need not be directly proved because that intent can be inferred from the creditor's acceptance of a payment which he clearly understands was tendered as a settlement. *Coover* seems also to suggest that whether a creditor has that requisite understanding is a question of fact.

In the present case, an officer of plaintiff filed an answering affidavit opposing the motion for summary judgment. The affidavit states:

"* * *[A]t no time was there any intent on the part of Plaintiff * * * to accept anything less than the amount set forth as due and owing in Plaintiff's Complaint * * *."

The affidavit does *not* state, however, that plaintiff did not understand from the letter of defendant's president that defendant intended the enclosed tender as a full satisfaction.

It is difficult to perceive how the letter could be understood otherwise. The expression of defendant's intent to settle was as clear as the expression which

the Supreme Court held in *Edgley* to "leave no doubt" about the sender's intention to rescind.[1] Indeed, plaintiff made a notation on its accounting records that the receipt of the check was "for full settlement." In any event, because plaintiff did not suggest by affidavit or in any other manner during the summary judgment proceedings that defendant's tender was not understood as an intended satisfaction, plaintiff did not raise any issue of fact which was inconsistent with the granting of summary judgment for defendant.

Affirmed.

---

[1] The notation on the check in *Edgley* was "Refund of Ernest [sic] money in full."