Submitted on remand from the Oregon Supreme Court June 2,
reversed and remanded September 29, 1982

# ENSLEY,
*Appellant,*

*v.*

# FITZWATER,
*Respondent.*

(No. 77-12-324, CA 19525)

651 P2d 734

Gilah Tenenbaum, Portland, argued the cause and filed the brief for appellant.

Nancy S. Tauman, Oregon City, argued the cause for respondent. With her on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

This case is before us on remand from the Supreme Court, whose opinion, *Ensley v. Fitzwater,* 293 Or 158, 645 P2d 1062 (1982), reversed our earlier opinion dismissing the appeal. *Ensley v. Fitzwater,* 55 Or App 737, 639 P2d 716 (1982). The issue now is whether the trial court properly granted defendant's motion for summary judgment.

Plaintiff brought an action on an indemnity agreement to recover the amount paid to satisfy a judgment against him and for attorney fees, costs and expenses incurred in defending that action and several other claims against him. The parties had agreed that defendant would indemnify plaintiff for any loss or damages resulting from his liability as a director of Enz-A-Bac, Inc., for violations of the Oregon Securities Law, ORS chapter 59.

Plaintiff alleged that, on March 3, 1977, a judgment had been taken against him for $3,773.98 as a result of security law violations relating to Enz-A-Bac and that he had incurred $1,500 in attorney fees and costs in defending that action. He also alleged that eight other claims had been filed against him by holders of securities of Enz-A-Bac and that he had incurred $2,526.42 in costs, expenses and attorney fees in investigating those claims.

Defendant moved for summary judgment. Supporting his motion was his affidavit, which stated in part:

"Several actions were filed against the plaintiff alleging violations of the Oregon Securities Law.

"On September 6, 1977, I forwarded a check to plaintiff in the amount of $3,150.00. It was my intention and my understanding that this check was to be in full settlement of any and all claims, any and all demands, and any and all judgments arising out of the underlying Enz-A-Bac cases and the indemnity agreement.

"It was also my understanding that plaintiff intended this check to be in full accord and satisfaction of any and all claims, demands or judgments against plaintiff which arose out of the Enz-A-Bac litigation."

Also attached to his motion was a copy of the check, showing the following notation:

"In full of all claims and demands and judgment, Ensley vs. Fitzwater."

He relies upon *Edgley v. Jackson,* 276 Or 213, 218, 554 P2d 476 (1976), for the proposition that:

"* * * [O]ne who accepts and cashes a check which purports by notation or by the terms upon which it was tendered to be in full satisfaction of a disputed claim between the parties has accepted payment on those terms."

Plaintiff was not represented at the hearing on defendant's motion, and he filed no memorandum or opposing affidavits. However, he had no duty to do either unless defendant had produced evidence that would entitle him to a directed verdict. *Paulson v. Continental Porsche Audi,* 49 Or App 793, 799, 620 P2d 1384 (1980). The trial court erroneously ruled to the contrary.

In order to prove that plaintiff's negotiation of the check gave rise to an accord and satisfaction, defendant had to show that his tender of the check was clearly intended to satisfy all of plaintiff's claims. *See Coover v. G & J Electric,* 285 Or 247, 251, 590 P2d 720 (1979); *Reppert v. Plaid Pantries,* 42 Or App 313, 316, 600 P2d 494 (1979). It is not at all clear that the quoted notation on the check by its terms alone was intended to be in satisfaction of *any* and *all* claims and demands plaintiff may have been able to bring against defendant at the time the check was written. For example, an equally reasonable reading of the legend is that the check was intended to satisfy all claims and demands with respect only to the judgment plaintiff was awarded against defendant in a case entitled *Ensley v. Fitzwater.*

■ Defendant's statement in his affidavit that plaintiff understood that the check was intended to satisfy any and all claims and demands he may have had against defendant is not sufficient to support his burden. Affidavits in support of summary judgment motions have to be made on personal knowledge and by an affiant competent to testify to matters therein. ORCP 47D. In general, although a party may testify as to his own intent in doing an act or making a declaration, he may not testify to the intent of the other party when intent is the issue. *Henry v. Harker,* 61 Or 276, 283, 118 P 205, 112 12 P 298 (1912).[1]

---

[1] Although, as stated in *Smith et al v. Cram et al,* 113 Or 313, 322, 231 P 963 (1925),

■ Defendant argues that the "attending circumstances," together with the notation on the check, show that both parties intended acceptance of the check to be an accord and satisfaction of any and all existing claims plaintiff may have had against defendant. We do not agree. The "attending circumstances" were the existence of the indemnity agreement between the parties, a judgment and eight separate claims against plaintiff for securities law violations and a *judgment against defendant* captioned *Ensley v. Fitzwater.* Given these circumstances, it is by no means clear that acceptance of a check with the quoted notation constitutes an accord and satisfaction of all claims plaintiff may have had against defendant under the indemnity agreement.

Reversed and remanded.

---

"[a] witness, *who is in a position to know,* may testify about the intention of the parties to an agreement" (emphasis supplied),

defendant did not indicate how he was in a position to know plaintiff's intent.