Argued and submitted May 26, 1982, affirmed February 9, reconsideration denied
April 1, petition for review denied May 31, 1983 (295 Or 122)

# VAN RIPER,
*Appellant,*

*v.*

# BAKER,
*Respondent.*

## (A 79-0804217; CA A22299)

658 P2d 537

Brian W. O'Brien, Portland, argued the cause and filed the brief for appellant.

James C. Waggoner, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought an action at law for $16,759.34 allegedly owed him by defendant under a contract for the sale of an insurance business. Defendant raised the affirmative defense of accord and satisfaction, alleging that plaintiff had accepted $42,546.86 as full payment of the purchase price. The case was tried to the court and resulted in a judgment for defendant. Plaintiff appeals. We affirm.

The contract contained the following provisions for the calculation and payment of the purchase price:

"(3) Price. The total price of the business will be arrived at as follows:

"(a) The 1975 Annual renewal commissions were $29,753.

"(b) That a price two times the renewal be paid.

"(4) Terms.

"Of said two times purchase price, $24,000 allocated to a non-competative [sic] agreement paid at $650 per month for 11 months and $850 on the 12th month for a 3 year period.

"(b) The balance paid at $1,000 per month for a 24 month period and another 12 month period of $1,000 per month adjusted to reflect a lost business credit at the same rate as purchased. First payment, October 1, 1976."

Defendant made monthly payments under the terms of the contract through January 21, 1978, when he sent plaintiff a letter that stated, in part:

"My staff has gone through all the records from the purchase of your agency, recording the commission renewals for a one-year period beginning September 1, 1976. The following is the result of that effort. I am submitting the same for your approval and acceptance.

"According to our agreement, I am to pay you a two times renewal on all renewed business.

"The summary is as follows:

"Total annual renewal commission is $21,273.43
"This figure doubled, would total          $42,546.86.

"Through the January 1978 payment, I have paid to you $26,800, leaving a balance of $15,746.86."

After sending the letter, defendant continued to make monthly payments. Plaintiff testified that, after receiving the letter, he told defendant that he disputed the amount of the renewal commissions and that he interpreted section (4)(b) of the contract to allow adjustment of only the final 12-month payments rather than adjustment of the entire purchase price as claimed by defendant. Plaintiff stated that the proper amount due under the contract exceeded the $42,546.86 figure stated in the letter. However, plaintiff continued to receive and cash defendant's monthly payment checks.

On November 8, 1978, defendant sent plaintiff a check and a letter that stated, in part:

"Enclosed herewith is our check in the amount of $1096.86 representing the balance of our payment to you based upon the figures we submitted to you at the year end based on our agreement with you.

| | |
|---|---|
| "The One Year Business totalled | $42,546.86 |
| "Paid to date.... | 41,450.00 |
| | 1,096.86 |
| "Check enclosed.... | - 1,096.86 |
| "Balance.... | -0-" |

Plaintiff testified that after receiving the letter he contacted defendant and denied that the check constituted the final payment under the contract. This testimony implies, and plaintiff's attorney admitted, that plaintiff knew defendant intended the check to be final payment of the purchase price. Nevertheless, plaintiff cashed the check on November 16, 1978.

■     As a general rule, the defense of accord and satisfaction is made out "when a debtor tenders payment upon condition that it is accepted as discharging a disputed or unliquidated debt, and the creditor accepts the payment upon this condition * * *." *Kilander v. Blickle Co.*, 280 Or 425, 429, 571 P2d 503 (1977). Plaintiff contends that the trial court erred in finding an accord and satisfaction, because defendant's letters did not state that plaintiff's acceptance of the checks would constitute acceptance of defendant's calculation of the purchase price and because the parties did not agree on the amount due under the

contract. Plaintiff apparently argues that he did not agree to the condition that his acceptance of the last payment discharged the debt. His arguments miss the mark.

■  It is well settled that "one who accepts and cashes a check which purports by notation or by the terms upon which it was tendered to be in full satisfaction of a disputed claim between the parties has accepted the payment on those terms." *Edgley v. Jackson,* 276 Or 213, 218, 554 P2d 476 (1976). This rule applies even when the amount tendered is no greater than the debtor admits he owes, *Kilander v. Blickle Co., supra,* 280 Or at 427; or when the creditor does not intend that his act of cashing the check constitute an acceptance of a lesser amount as full payment, *Coover v. G & J Electric,* 285 Or 247, 251, 590 P2d 720 (1979); *Schumacher v. Moffit,* 71 Or 79, 83, 142 P 353 (1914), or when the creditor asserts to the debtor that the check is received only in part payment. 6 Corbin, *Contracts* § 1279 (1962).

■ ■  The burden to prove the elements of accord and satisfaction rests on defendant. *See Lenchitsky v. H.J. Sandberg Co.,* 217 Or 483, 490, 343 P2d 523 (1959). The parties disputed the proper calculation of the purchase price under the contract, and plaintiff's acceptance and cashing of the last check. Defendant needed to prove that he intended the final check to be a satisfaction of his obligations under the contract and that he made his intent known to defendant in some unmistakable manner. *See Lenchitsky v. H.J. Sandberg Co., supra.* A debtor can prove his intent and the creditor's knowledge through the terms of the tender and testimony at trial. *Coover v. G & J Electric, supra,* 285 Or at 250-51. The terms of defendant's two letters clearly show that he intended the last check to constitute the full and final payment of the purchase price. Further, plaintiff's own testimony and the admissions of his attorney leave no doubt that plaintiff was aware of defendant's intent. Thus, defendant met his burden, and the trial court properly concluded that plaintiff accepted $42,546.86 as full payment of the purchase price.[1]

---

[1] Plaintiff also assigns as error the trial court's ruling that the adjustment clause in section (4)(b) of the contract allows adjustment of the entire purchase price calculation, as claimed by defendant, rather than adjustment of only the last

Affirmed.

12 monthly payments. Because we decide that, regardless of the proper interpretation of the contract, plaintiff accepted $42,546.86, the purchase price under defendant's interpretation of the contract, as full payment, we do not reach the issue of the proper interpretation of the contract.