Argued and submitted March 23, reversed and remanded May 25, 1983

# LES SCHWAB TIRE CENTERS
# OF OREGON, INC.,
*Respondent,*
*v.*
# IVORY RANCH, INC.,
*Appellant.*

## (8-81-CIV-89; CA A25881)

664 P2d 419

Martin E. Hansen, Bend, argued the cause for appellant. With him on the briefs was Johnson, Marceau, Karnopp & Petersen, Bend.

Frank G. MacMurray, Redmond, argued the cause for respondent. On the brief was Paul R. Unger, Redmond.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

### YOUNG, J.

This appeal presents the novel issue whether ORS 71.2070 (Uniform Commercial Code § 1-207) has altered the common law doctrine of accord and satisfaction as applied to checks tendered as full payment of a disputed sum. The issue was presented to the trial court on cross-motions for summary judgment. The trial court decided that the statute applied and granted plaintiff summary judgment. Defendant appeals from the final judgment, and we reverse.

Plaintiff claimed that defendant owed $1,210.03 on an account for tires, service and finance charges. Defendant claimed that plaintiff had waived the right to collect the finance charges and that the debt was $1,092.68. Plaintiff disagreed and filed an action to recover the larger sum. Defendant then sent plaintiff a check for $1,164.93, intending that it be accepted as full payment. On the face of the check there was the printed statement:

> "By endorsement this check when paid is accepted in full payment of the following account."

Immediately below the statement defendant inserted its account number with plaintiff and added "PAID IN FULL." Upon receipt of the check, plaintiff crossed out the words "Paid in Full" and wrote "Accepted under protest and with reservation of rights." Plaintiff endorsed the check and negotiated it.

The trial court concluded that the parties had a *bona fide* dispute over the finance charges, that plaintiff understood the intent of defendant to offer the check in full satisfaction of the disputed debt[1] and that by their actions the parties had affected an accord and satisfaction. The court ruled, however, that ORS 71.2070 altered the common law doctrine of accord and satisfaction and that plaintiff could accept the check and reserve the right to collect the balance. On appeal, the parties agree that their respective claims rest solely on the effect of ORS 71.2070 on the principles of accord and satisfaction.

Generally, an accord and satisfaction creates a new, substituted contract that discharges the debtor's liability and

---

[1] The trial court also found that plaintiff notified defendant neither of plaintiff's alteration of the check or plaintiff's refusal to accept it in full payment.

constitutes an affirmative defense to an action on the original debt. *See Warrenton Lumber Co. v. Smith,* 117 Or 530, 539, 245 P 313 (1926); *Williams v. Leatham,* 55 Or App 204, 207, 637 P2d 1296, *rev den* 292 Or 581 (1981). It results where a debt is unliquidated or disputed in good faith, the debtor offers a sum on the condition that it be received as full payment and the creditor accepts it. *Kilander v. Blickle Co.,* 280 Or 425, 571 P2d 503 (1977); *Edgley v. Jackson,* 276 Or 213, 554 P2d 476 (1976). The actual, subjective intent of the creditor does not matter; if the creditor cashes a "full payment check," the creditor is deemed to have accepted the debtor's condition of tender. *Edgley v. Jackson, supra,* 276 Or at 218; *Reppert v. Plaid Pantries,* 42 Or App 313, 600 P2d 494 (1979). At common law, crossing out the debtor's condition and adding words of protest is ineffectual, because the creditor's act of cashing the check is treated as speaking louder than words. 6 Corbin, Contracts, § 1279 at 130 (1962). When given a "full payment check," the creditor has the simple choice of accepting the tendered compromise on the debtor's terms or returning the check and bringing an action on the original debt.

Since Oregon's adoption of the Uniform Commercial Code,[2] ORS 71.2070 has provided:

> "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient." ORS 71.2070.

The Oregon Supreme Court has gratuitously observed that the statute may have changed the common law. The court said in *dictum:*

> "* * * In a transaction to which ORS 71.2070 applies, [the creditor] may well have the option under ORS 71.2070 to collect the tendered 'final' payment 'under protest,' or 'without prejudice,' or with some other explicit reservation of his rights to the remaining claim — at least unless the debtor has, in turn, expressly demanded a waiver of that option. * * *" *Kilander v. Blickle Co., supra,* 280 Or at 429. (Footnote omitted.)

---

[2] Or Laws 1961, ch 726 (effective September 1, 1963).

*Kilander* did not decide the issue, because the creditor had made no attempt to reserve his rights.[3] This case presents the first opportunity to address the issue.[4]

■    By reason of the terms of the statute itself, its history, purpose and policy, we hold that ORS 71.2070 does not alter the principles of accord and satisfaction.

By its terms, ORS 71.2070 does not fit the circumstances of accord and satisfaction. It requires that the creditor "assent to performance in a manner demanded or offered by the other party." Where a debtor offers to compromise through accord and satisfaction, the creditor, such as plaintiff here, literally does not "assent to performance in a manner * * * offered" by the debtor; rather, the creditor refuses to assent to

---

[3] The court stated:

"* * * [W]e do not decide this question on the present facts." *Kilander v. Blickle Co., supra.* 280 Or at 429.

[4] Other jurisdictions are divided on the question. The sparse authority available at the time of the *Kilander* dictum suggested that Section 1-207 of the U.C.C. might alter the common law. *See Scholl v. Tallman,* 247 NW2d 490 (SD 1976); *see also* White & Summers, *Uniform Commercial Code* § 13-21 (1972); Calamari & Perillo, *Contracts* §§ 65, 94 (1970) (now §§ 4-12 at 155, 5-16 at 197 (2d ed 1977)); *cf. Hanna v. Perkins,* 2 UCC Rep 1044 (Westchester County Ct, NY, 1965) (dictum); *Baillie Lumber Co., Inc. v. Kincaid Carolina Corp.,* 4 NC App 342, 167 SE2d 85 (1969) (dictum or alternate holding).

Since *Kilander,* a few jurisdictions have applied Section 1-207 to accord and satisfaction — most significantly New York. *See, e.g., Braun v. C.E.P.C. Distributors, Inc.,* 77 App Div 358, 433 NYS 2d 447 (1980). Alabama appears to agree with New York, *Bivens v. White Dairy,* 378 So2d 1122 (Ala Civ App 1979), as does one Florida court. *Miller v. Jung,* 361 So2d 788 (Fla 2d Dist Ct App 1978).

A greater number of jurisdictions have held that Section 1-207 does not alter the doctrine of accord and satisfaction. *Connecticut Printers, Inc. v. Gus Kroesen, Inc.,* 134 Cal App 3d 54, 184 Cal Rptr 436 (1982); *Milgram Food Stores, Inc. v. Gelco Corp.,* 550 F Supp 992 (WD Mo 1982); *Eder v. Yvette B. Gervey Interiors, Inc.,* 407 So2d 312 (Fla 4th Dist Ct App 1981) (certifying a conflict with *Miller v. Jung, supra);* *Chancellor, Inc. v. Hamilton Appliance Co., Inc.,* 175 NJ Super 345, 418 A2d 1326, 1329 (1980); *Brown v. Coastal Truckways, Inc.,* 44 NC App 454, 261 SE2d 266 (1980) rejecting *Baillie Lumber Co., Inc. v. Kincaid Carolina Corp, supra,* as not precedential; *Barber v. White,* 46 NC App 110, 264 SE2d 385 (1980); *State Dept. of Fisheries v. J-Z Sales Corp.,* 25 Wash App 671, 610 P2d 390 (1980); *Jahn v. Burns,* 593 P2d 828 (Wyo 1979).

Most recent commentators have suggested that accord and satisfaction survives unaltered. Hawkland, *The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check,* 74 Com L J 329 (1969); McDonnell, *Purposive Interpretation of the Uniform Commercial Code: Some Implications for Jurisprudence,* 126 Pa L Rev 795, 824-28 (1978); Carabello, *The Tender Trap: U.C.C. § 1-207 and its Applicability to an Attempted Accord and Satisfaction by Tendering a Check In a Dispute Arising from a Sale of Goods,* 11 Seton Hall L Rev 445 (1981).

the essential condition of the offer. *Milgram Food Stores, Inc. v. Gelco Corp.*, 550 F Supp 992 (WD Mo 1982); *Brown v. Coastal Truckways, Inc.*, 44 NC App 454, 261 SE2d 266 (1980); *Barber v. White*, 46 NC App 110, 264 SE2d 385 (1980); *Jahn v. Burns*, 593 P2d 828 (Wyo 1979).

The official comments to ORS 71.2070 imply that the section is inappropriate to the circumstances of accord and satisfaction. Comment (1) explains:

> "1. ORS 71.2070 provides machinery for the *continuation of performance along the lines contemplated by the contract* despite a pending dispute * * *." Legislative Counsel Committee, *Oregon's Uniform Commercial Code* 16 (1961) (hereinafter cited as *Oregon Commentary* ). (Emphasis supplied.)

Comment (2) adds:

> "ORS 71.2070 does not add any new requirement of language of reservation where not already required by law, but merely provides a specific measure on which a party can rely as he makes or concurs in any *interim adjustment in the course of performance.* * * *" *Oregon Commentary, supra,* at 16. (Emphasis supplied.)

The statute appears to be inapposite, because

> "* * * [a]n accord and satisfaction involves a new contract, not the contemplated performance of the original contract. By using the 'full payment check' the buyer is seeking to fulfill, not continue, its duty to pay." *Chancellor Inc. v. Hamilton Appliance Co., Inc., supra.*

*See Jahn v. Burns, supra.*[5]

Another clue is what the statute and its comments do not say. The Uniform Commercial Code generally indicates where the common law is changed, *see, e.g.,* ORS 72.2090(1); 72.2070. Nothing in ORS 71.2070, its comments or its cross

---

[5] As one writer has said:

"* * * Permitting the creditor to reserve his rights to sue under section 1-207 would not result in performance along the lines of the contract, but rather would allow the creditor to divert a tender under a new contract to his own benefit while disregarding the contractual conditions upon which it was presented. This outcome was certainly not intended by the statute." Comment, *Accord and Satisfaction: Conditional Tender by Check Under the Uniform Commercial Code,* 18 Buffalo L Rev 539, 544-45 (1969).

reference indicate a change in the law of accord and satisifaction. *See* Oregon Commentary, *supra,* at 16.[6]

The history of ORS 71.2070 intimates that its drafters did not intend or foresee that it would alter accord and satisfaction. Oregon's provision is as originally proposed by the American Law Institute and the National Conference of Commissioners on Uniform State Laws, *Oregon Commentary, supra* (Preface at v), and it is identical to Section 1-207 of the 1950 Proposed Final Draft of the U.C.C. At that time Section 1-207 coexisted with another provision of the code that codified and expanded the doctrine of accord and satisfaction. Section 3-802(3) provided:

> "Where a check or similar payment instrument provides that it is in full satisfaction of an obligation the payee discharges the underlying obligation by obtaining payment of the instrument unless he establishes that the original obligor has taken unconscionable advantage in the circumstances." U.C.C. § 3-802(3) (1952 Official Draft).

Section 3-802(3) expanded the common law by permitting accord and satisfaction when the obligation is undisputed and liquidated. Because the section might have been "open to abuse," it was deleted in the 1957 Official Draft. American Law Institute, National Conference of Commissioners on Uniform State Laws, *Supplement No. 1 to the 1952 Official Draft of Text and Comments of the Uniform Commercial Code* 25 (1955); U.C.C. § 3-802 (1957). Accord and satisfaction was left entirely to common law.

The instructive value in Section 3-802(3) is that it existed entirely without reference to Section 1-207. The comments to neither section referenced the other. *See* U.C.C §§ 1-207, 3-802(3) (1952 Official Draft). Similarly, the comment to Section 3-112(f), which speaks of the negotiability of checks tendered as payment in full, omits reference to Section 1-207

---

[6] Professor Rosenthal emphasizes the significance of such silence:

"* * * [E]specially in light of the attention and criticism given section 1-207, if so fundamental a change in the law of accord and satisfaction had been intended it seems likely that it would have been articulated — particularly during the critical years in the mid-fifties, when the fate of the Code probably hung in precarious balance, dependent upon the actions of the New York State Law Revision Commission and the responses thereto of the Code's proponents." Rosenthal, *Discord and Dissatisfaction: Section 1-207 of the Uniform Commerical Code,* 78 Columbia L Rev 48, 58-63.

and instead cross-references only section 3-802(3).[7] This background indicates that the drafters of Sections 1-207 and 3-802(3) probably did not intend to write overlapping sections regarding accord and satisfaction but, rather, conceived of them as unrelated. *See* Rosenthal, *Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code,* 78 Columbia L. Rev. 48, 58-63 (hereinafter cited as "Rosenthal"); *Note, Accord and Satisfaction Under Uniform Commercial Code Section 1-207: Scholl v. Tallman,* 38 Ohio S.L.J. 921, 926-29 (1977); *see also Chancellor, Inc. v. Hamilton Appliance Co., Inc. supra; Brown v. Coastal Truckways, Inc., supra.*

We believe that Section 1-207 was designed to serve a purpose unrelated to accord and satisfaction. Its purpose was to protect against waiver and estoppel. *Cf.* Anderson, *The Uniform Commercial Code* §§ 1-207:3, 1-207:4 (1970).[8] Without the protection of ORS 71.2070, a party might waive the right to recover fully by acquiescence in another's nonconforming conduct. See ORS 72.2090(4). Without such protection a buyer might be barred from a remedy for acceptance of nonconforming goods. *See* ORS 72.6070.[9] These problems, however, have little to do with a creditor and debtor reaching a new agreement through accord and satisfaction. Rosenthal posits:

"'* * * [S]ection 1-207 was meant to apply only where one party's acquiescence in the other's performance or demand might, *by operation of law,* result in a waiver or other basis for prejudicing his rights, section 1-207 would give the acquiescing party a means of protecting himself against having to pay an often unfair penalty for turning the other cheek. Under this

---

[7] Comment (4) to U.C.C. § 3-112 (f) declared that the effect on satisfaction of a debt by a "full payment check" was addressed by § 3-802(3). No reference was made to § 1-207, which if applicable, certainly would affect the efficacy of a "full payment check." U.C.C. § 3-112, Official Comment 4 (1952 Official Draft); *see* Note, *Accord and Satisfaction Under Uniform Commercial Code Section 1-207: Scholl v. Tallman,* 38 Ohio S.L.J. 921, 929 (1977).

[8] Another commentator writes:

"Neither the langauge, nor commentary, nor history of section 1-207 is independently conclusive. Read together, however, they strongly suggest that the provision was designed to deal with problems of waiver, election of remedies, and estoppel rather than with attempted accord and satisfaction." McDonnell, *Purposive Interpretation of the Uniform Commercial Code: Some Implications for Jurisprudence,* 126 U Pa L Rev 795, 827-28 (1978).

[9] Indeed, the lone cross-reference in Oregon's commentary to ORS 71.2070 is to ORS 72.6070, a fact that may indicate the limited purpose of the provision. *See Oregon Commentary, supra,* at 16.

interpretation, section 1-207 would not apply where the challenge was *expressly* communicated, as in a check offered in satisfaction of an obligation on a clear take-it-or-leave-it basis. * * *" Rosenthal, *supra,* at 63-64.

We understand ORS 71.2070 to mean that, when a creditor receives an *ordinary* check, he may reserve rights and accept the check in part payment without danger of estoppel or waiver, but where the check is tendered as an offer to reach an accord, and on the condition that it be cashed only in satisfaction, ORS 71.2070 does not apply.

The alternative to this construction of the statute would lead to an unduly complicated situation in which debtors would have to add to the customary term "payment in full" a further statement that endorsement of the check will *also* constitute an agreement to forego reservation of rights under ORS 71.2070. *Cf. Kilander v. Blickle, supra,* 280 Or at 429; White & Summers, *Uniform Commercial Code* § 13-21, at 547 n 199 (2d ed 1980).[10] A new battleground could be opened for the "battle of the forms." *See* Rosenthal, *supra,* at 71-74. The parties who would suffer most would be those least informed of the formalities of the law. Such a situation would not be consistent with the code's purpose "to simplify, clarify, and modernize the law governing commercial transactions," ORS 71.1020(2)(a), nor would it promote the policy of permitting "the continued expansion of commercial practice through * * * agreement of the parties." ORS 71.1020(2)(b). Moreover, if we were to construe the statute to limit accord and satisfaction, it would handicap a convenient and valuable means of achieving informal settlements. We hesitate to do that when there is no indication in the statute, its history, purpose, or policy that such a result was intended. *Cf. Connecticut Printers, Inc. v. Gus Kroesen, Inc.,* 134 Cal App 3d 54, 184 Cal Rptr 436 (1982); *State Dept. of Fisheries v. J-Z Sales Corp.,* 25 Wash App 671, 610 P2d 390 (1980).

---

[10] Professor Hawkland suggests the following language:

"Payment in full. Upon cashing this check the creditor agrees to fully discharge the debtor from liability for the debt arising out of (specify obligation) and further agrees not to reserve any rights with respect to that obligation and to waive his right to use section 1-207 of the Uniform Commercial Code. The return or destruction of this check shall mean that the creditor has rejected these conditions, but the act of cashing it shall be deemed to be conclusive evidence that he has accepted them." Hawkland, *The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check, supra.*

■ We hold that ORS 71.2070 does not displace the principles of accord and satisfaction. The trial court erred in denying defendant's motion for summary judgment and in granting plaintiff's motion. The judgment of the trial court is reversed.

Reversed and remanded.