Argued and submitted September 18, remanded in part; otherwise affirmed November 20, 1996, both petitions for review denied March 25, 1997 (325 Or 184)

## In the Matter of the Marriage of

Tami Jo CARTER,
nka Tami Jo Bastianelli,
*Respondent,*

*and*

Jeffery CARTER,
*Appellant.*

(9200528 CV; CA A90480)

927 P2d 631

George W. Kelly argued the cause and filed the brief for appellant.

Peter J. Richard argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

In this appeal from a proceeding to modify a dissolution judgment, husband challenges the trial court's determination that husband's deed of real property to wife and wife's sale of the property do not satisfy wife's judgment against husband in the dissolution. He further assigns error to the trial court's partial denial of his requested modification of the visitation schedule.

The dissolution judgment was issued in 1992. Husband received the parties' principal asset, a ranch, which was being purchased by the parties' company, Carter Air Balance Company, a California corporation. Pursuant to the dissolution judgment, wife assigned her interest in Carter Air Balance to husband for the sum of $220,000, secured by a mortgage on the ranch and a promissory note that was to be paid in full within seven years. Wife also received a personal judgment against husband for $220,000, to be satisfied by payment of the mortgage and secured by the ranch. Wife was awarded spousal support of $1,400 per month for seven years or until the judgment is paid in full. The parties agree that spousal support terminates when the judgment is satisfied.

After the dissolution, husband encountered financial difficulties. He stopped paying support to wife, and Carter Air Balance could not make the payments on the ranch. In July 1992, Smith, who was selling the ranch to Carter Air Balance, began foreclosure proceedings. Husband attempted to sell the ranch so that he could avoid the foreclosure. After approximately one year on the market, the ranch had not sold. Wife seized cattle from the ranch to satisfy husband's support obligation. Husband offered to have Carter Air Balance deed the ranch to wife in satisfaction of wife's judgment against Carter Air Balance and husband. She rejected the offer. Then, without prior agreement, husband prepared and delivered to wife a deed to the property, purporting to satisfy wife's judgment against Carter Air Balance and husband. Husband delivered the key to the ranch to wife's attorney.

In the meantime, the foreclosure suit against Carter Air Balance proceeded, and the parties entered into settlement negotiations. Husband's attorney was present at a settlement conference and took the position that husband had

no duty to participate in the foreclosure proceeding, because he had deeded the property to wife. Wife objected, making it clear that she did not consider the deed from husband to be a satisfaction of the mortgage or the judgment. Nonetheless, she participated in the negotiations with Smith, and succeeded in obtaining a 90-day extension.

In a July 1993 court hearing regarding a visitation issue, the parties discussed the deed. Wife's attorney made it clear that wife had not accepted the deed as satisfaction of her judgment and that any action that wife had taken with respect to the ranch after receiving the deed was for the purpose of protecting her interest in the property.

Wife continued listing the property with the same real estate agent that had been used by husband. In the Fall of 1993, the ranch sold for $300,000. After payment of the balance due to Smith, wife's net proceeds were $113,000. Husband continued to pay no support.

Thereafter, husband demanded that wife satisfy the judgments against him, and when she refused, he filed this proceeding, seeking, *inter alia*, termination of his obligation to pay spousal support and an order to show cause why wife should not be required to execute a satisfaction acknowledging payment in full of the personal judgment against husband. The trial court rejected husband's contention that the judgment was satisfied, but reduced the balance owing on the judgment to $126,319. The court also reduced spousal support to $804 per month and determined that there was an arrearage of $21,449.

On appeal, husband's primary contention is that the trial court erred in failing to treat his deed to wife and her subsequent sale of the ranch as a full satisfaction of the mortgage. Husband cites *Fiedler v. Bowler*, 117 Or App 162, 843 P2d 961 (1992), and *Van Riper v. Baker*, 61 Or App 540, 544, 658 P2d 537, *rev den* 295 Or 122 (1983), in support of his view that wife's "acceptance" of the deed and her subsequent transaction involving the ranch was an accord and satisfaction. This is so, husband contends, despite wife's repeated protestations that she did not regard the deed as a satisfaction of the mortgage, because her conduct in taking control of the property demonstrated her acceptance as a matter of law.

■■ Husband's reliance on those cases is misplaced, primarily because they involved disputed or *unliquidated* debts. *Fiedler*, 117 Or App at 165; *Van Riper*, 61 Or App at 544. Here, husband's debt was liquidated, reduced to judgment and not subject to dispute. Furthermore, it is well established that an agreement to take less than the whole amount of a liquidated claim is without consideration and unenforceable. *Ruble For. Prod v. Lancer Mob. Homes*, 269 Or 315, 524 P2d 1204 (1974). There can be no accord and satisfaction of a *liquidated* debt unless there is additional consideration paid to the party accepting the accord and satisfaction or additional detriment to the debtor, or the creditor voluntarily chooses to release the debtor. *Miller v. Miller*, 29 Or App 723, 565 P2d 382, *rev den* 280 Or 1 (1977). Wife's "voluntary" acceptance of the deed as satisfaction of the judgment will not be implied, especially in the light of her repeated objections. Husband's attempted satisfaction of the judgment by deeding the property to wife was without her agreement and devoid of additional consideration. Indeed, any benefit to have been derived from the transaction inured to husband, who was freed from his obligation to Smith. Wife, on the other hand, acquired the burden of protecting the property from foreclosure or losing her security interest. Her acceptance of the deed did not amount to a satisfaction of that judgment in the absence of her express agreement to that effect.

Husband next asserts that the court erred in failing to allow him visitation with the parties' children on the first weekend of the month, as he had requested, but instead granting him visitation on the second weekend of the month. Wife has no objection to husband's visitation taking place on the first full weekend of the month. The judgment will be modified accordingly.

Remanded for modification of judgment to provide for visitation by husband on the first full weekend of each month; otherwise affirmed. Costs, not including attorney fees, to husband.