132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, for the use and benefit of James
T. Campbell, dba Campbell Towing & Marine
Construction Plaintiff, Appellant.
v.
M. CUTTER COMPANY and INDEMNITY COMPANY OF CALIFORNIA,
Defendants-Appellees.
UNITED STATES of America, for the use and benefit of James
T. Campbell, dba Campbell Towing & Marine
Construction Plaintiff-Appellee, 96-36194
v.
M. CUTTER COMPANY and INDEMNITY COMPANY OF CALIFORNIA,
Defendants-Appellants.
 No. 96-36050, 96-36181.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 4, 1997.
Dec. 05, 1997.
 
 Appeal from the United States District Court for the District of Oregon JAMES A. REDDEN, District Judge, Presiding.
 Before NOONAN and HAWKINS, Circuit Judges and MERHIGE,** District Judge.
 MEMORANDUM*
 James T. Campbell, d.b.a. Campbell Towing and Marine Construction ("Campbell") sued M. Cutter Company ("Cutter") and Indemnity Company of California ("ICC") under the Miller Act. Cutter presented counterclaims. We affirm the district court's summary judgment for Cutter and ICC on Campbell's claims and for Campbell on Cutter's motion to strike part of an affidavit. We reverse the summary judgment for Campbell on Cutter's counterclaims.
 FACTS
 Cutter chartered Campbell's tugboat, the Helen G, to tow two barges. Cutter sent Campbell a check for $43,730 and a letter disputing Campbell's towing bills and stating: "Enclosed is our Check No. 13864 in the sum of $43,730.00 as full payment for the services of the tug boat 'Helen G' under your Charter Agreement." (emphass in original) Campbell cashed the check and retained the proceeds.
 PROCEEDINGS BELOW
 Campbell sued Cutter and ICC under the Miller Act, 40 U.S.C. §§ 270a and 270b, seeking damages and attorney's fees. Cutter counterclaimed for lost profits, charter hire, and repairs to the barges. The district court held on summary judgment that there was an accord and satisfaction of Campbell's claims and Cutter's counterclaims, awarded Campbell $2,240, and denied Campbell's motion for costs and attorney's fees and Cutter's motion to strike portions of an affidavit by James Campbell. The parties appeal.
 ANALYSIS
 The Court reviews the district court's grant of summary judgment de novo, see Forsyth v. Humana Inc., 114 F.3d 1467, 1474 (9th Cir.1997), and its refusal to strike portions of James Campbell's affidavit for an abuse of discretion resulting in prejudice to Cutter. See Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1470 (9th Cir.1992). Because we remand the question of Cutter's counterclaims, we do not address the district court's refusal to award Campbell attorney's fees.
 James Campbell admitted in a March 26, 1996 deposition that he was aware that Cutter's check was sent as payment of all Campbell's towing bills. Campbell contradicted this statement in a later affidavit. The district court did not err in refusing to strike this statement as an attempt to create an issue of material fact regarding Campbell's claims because it considered neither document in reaching its decision.
 An accord and satisfaction of Campbell's claims against Cutter exists as a matter of law, because Campbell accepted and cashed a check offered in full satisfaction of a disputed claim. See Riper v. Baker, 658 P.2d 537, 539 (Or.App.1983). Cutter's letter to Campbell unambiguously offered an accord and satisfaction of Campbell's towing bills: it contained a detailed analysis of Campbell's bills; provided that it was being sent in an "effort to resolve [the] dispute;" and indicated that Cutter's check was tendered as "full payment for the services" of the Helen G. An accord and satisfaction exists even though Cutter offered only the amount he admitted he owed Campbell; Campbell did "not intend that his act of cashing the check constitute[ ] an acceptance of a lesser amount as full payment;" and Campbell "assert[ed] that the check [was] received only in part payment." Riper, 658 P.2d at 539.
 Even though Cutter's letter to Campbell mentioned offsets for repairs and services, its clear purpose was to address Cutter's disagreement with Campbell's invoices, not Cutter's claims for damage to the barges, lost profits, and excess charter hire. The statement "Enclosed is our Check ... as full payment for the services of the tug boat 'Helen G.' under your Charter Agreement" cannot be unambiguously read as resolving all disputes arising from the charter of the Helen G, including Cutter's counterclaims. Since Cutter's letter is "susceptible to at least two alternative constructions" regarding whether it covered Cutter's counterclaims, Slocum v. Lang, 889 P.2d 379, 381 (Or.App.1995), the district erred in interpreting it on summary judgment. See May v. Chicago Ins. Co., 490 P.2d 150, 154 (Or.1971). We reverse and remand this issue to the district court.
 As the result is mixed as to success, the parties are to bear their own costs.
 The district court's judgment is AFFIRMED except for the summary judgment on Cutter's counterclaims, which is REVERSED and REMANDED.
 
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropirate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3