H. H. MOORE v. JAMES C. GREENE, TRADING AS JAMES C. GREENE COMPANY.

(Filed 29 April, 1953.)

**1. Compromise and Settlement § 1—**

Settlement of business disputes is favored by the law, and where a check is tendered in full settlement of a disputed item, the acceptance of the check and use of the proceeds will be regarded as complete satisfaction of the claim. G.S. 1-540.

**2. Same—Evidence held to show settlement of disputed item.**

After termination of employment, the employer tendered the employee a statement showing the amount the employer contended was due under the contract of employment, together with a check for the amount with the words written on its face "For Settlement." After some days the employee wrote the employer setting out his claim for an additional amount, but after waiting three weeks, cashed the check and received the money tendered. *Held:* The employee made his election when he cashed the check obviously intended to evidence a final settlement, and in his action instituted some two years later to recover the additional amount claimed nonsuit should have been entered upon uncontroverted evidence disclosing such facts.

**3. Same—**

A check given in full settlement of a disputed item as to the employee's right to a part of the profits under his contract of employment will not bar the employee's right to recover the amount of a deduction from his salary check for the last month of the employment when the check was deposited to the employee's credit in his absence.

APPEAL by defendant from *Nimocks, J.,* October Term, 1952, of WAKE. Modified and affirmed.

Action to recover balance alleged to be due on a contract of employment.

It was admitted that plaintiff was employed by the defendant in his insurance adjusting business for the year beginning 1 July, 1946, at a salary of $6,500, and for the succeeding year ending 1 July, 1948, at a salary of $7,500 plus one-third of the net profits of the business for that year.

Before the end of the second year the defendant notified the plaintiff that his contract would terminate 1 July, 1948, and plaintiff's employment ended on that date. In order to determine one-third of the net profits due plaintiff from the business for that year the defendant employed an accountant, and on 6 October, 1948, mailed plaintiff a statement of the net profits, showing one-third thereof to be $1,179.39, and enclosed a check for that amount with the words written on the face of the check "For Settlement under terms of employment contract 7-1-47 to 7-1-48."

On 18 October, 1948, plaintiff in reply wrote defendant objecting to the deduction from income of three items which totaled $769.45, and insisting that he was entitled to his share of the net income without those deductions. Accordingly plaintiff claimed he was entitled to $256.48 more than the amount shown on the check. He wrote, "If you will pay me the additional amounts referred to above within a reasonable time, I will accept it in full payment and close the issue." However, the plaintiff, having had no further communication from the defendant, on 10 November, 1948, cashed the check and received the amount thereof. Two years later plaintiff instituted this action.

For a second cause of action plaintiff alleged that $83.33 had been wrongfully deducted from his salary for the month of June, 1948, and the reduced amount deposited to his credit in his absence.

On issues submitted the jury rendered verdict in favor of plaintiff on both causes of action for $256.48 and $83.33, and from judgment on the verdict defendant appealed.

*A. L. Purrington, Jr., for plaintiff, appellee.*

*T. Lacy Williams for defendant, appellant.*

DEVIN, C. J.   The policy of the law favors the settlement of business disputes.   By statute it is provided that the acceptance of a less amount than that claimed, in satisfaction, shall operate as a complete discharge thereof.   G.S. 1-540.

The principle is well recognized and enforced in this jurisdiction that when in case of a disputed account between parties a check is given and received under such circumstances as clearly import that it is intended to be, and is tendered, in full settlement of the disputed items, the acceptance and cashing of the check and the appropriation of the proceeds will be regarded as complete satisfaction of the claim.   One party will not be allowed to accept the benefit of the check so tendered and at the same time retain the right to sue for an additional amount.   *Kerr v. Sanders,* 122 N.C. 635, 29 S.E. 943; *Ore Co. v. Powers,* 130 N.C. 152, 41 S.E. 6; *Aydlett v. Brown,* 153 N.C. 334, 69 S.E. 243; *Rosser v. Bynum,* 168 N.C. 340, 84 S.E. 393; *Mercer v. Lumber Co.,* 173 N.C. 49, 91 S.E. 588; *Blanchard v. Peanut Co.,* 182 N.C. 20, 108 S.E. 332; *DeLoache v. DeLoache,* 189 N.C. 394, 127 S.E. 419; *Lawson v. Bank,* 203 N.C. 368, 166 S.E. 177; *Durant v. Powell,* 215 N.C. 628 (634), 2 S.E. 2d 884. "Under a uniform construction of our statute, C.S. 895 (now G.S. 1-540), as announced in a long line of decisions, it is held with us that where two parties are in dispute as to the correct amount of an account, and one sends the other a check, or makes a payment, clearly purporting to be in full settlement of the claim, and the other knowingly accepts it upon such condition, this will amount to a full and complete discharge of the debt." *Blanchard v. Peanut Co., supra.*

In the case at bar a controversy had arisen as to the amount due plaintiff for his one-third share in the net profits of the business for the year ended 1 July, 1948.   The defendant tendered him a statement showing the amount the defendant contended was due, together with a check for the amount with the words written on the face of the check "For Settlement."   Obviously the defendant intended the check to evidence a final settlement of the matter of plaintiff's share in the net profits of the business.   The plaintiff's services had been terminated.   The business relations between the parties had ceased.   The only thing remaining was to determine the amount due plaintiff under the contract.   For this purpose the defendant employed an accountant, made up the final settlement, and on 6 October, 1948, mailed it to plaintiff with check for the amount he claimed to be due.   The plaintiff after some days of consideration wrote defendant setting out his disagreement and his conflicting claim, and stating the condition under which he would accept the check in settlement and "close the issue."   The plaintiff had a right to decline the proffered settlement and sue for the full amount he claimed was due.   But after waiting three weeks he cashed the check and received the money

tendered. Two years later he instituted this action. We think he made his election when he cashed the check and may not now be allowed to change his position and avoid the effect of his acceptance of the check tendered him by the defendant.

The facts material to the question here presented were not controverted. They appear from plaintiff's testimony. We think the defendant was entitled to the allowance of his motion for judgment of nonsuit as to plaintiff's first cause of action.

As to plaintiff's second cause of action a different conclusion is indicated. The jury found that the sum of $83.33 was improperly deducted from plaintiff's salary for the month of June, 1948, and judgment was rendered accordingly. The result will not be disturbed. The check for the diminished salary was deposited to plaintiff's credit in his absence and there was no reason why he should not sue to recover the amount thus improperly deducted. The trial was free from error.

The judgment below will be modified in accordance with this opinion.

Modified and affirmed.