JOHN V. BARGER AND CLYDE R. BRAWLEY T/A JOHN V. BARGER AND COMPANY v. JAMES C. KRIMMINGER, HARRY WILLIAMSON AND ROBERT T. MEDLOCK, TRUSTEES OF KILGO METHODIST CHURCH.

(Filed 14 October, 1964.)

**1. Evidence § 27—**

Evidence of a prior oral agreement is incompetent to contradict or vary the terms of a subsequently written contract.

**2. Principal and Agent § 5—**

Where a contractor knows that the building committee of a church is limited to a specified sum in contracting for a building, the contractor cannot assert a claim for building the church in a sum in excess of the known limitation of authority.

**3. Compromise and Settlement—**

A creditor accepting a check in full settlement of the amount due under contract is precluded from thereafter asserting a claim for an additional amount.

**4. Trial § 15—**

G.S. 1-206 is applicable when the evidence is admitted over objection and does not obviate the necessity for an exception when evidence is excluded upon objection of the adverse party.

APPEAL by plaintiffs from *Latham, J.,* May 25, 1964 Schedule "C" Term of MECKLENBURG.

Action on contract. Plaintiffs allege: Defendants are the trustees of the Kilgo Methodist Church (Church). On or about July 18, 1959, plaintiffs "entered into an oral agreement with a group of individuals, who represented themselves to be the building committee of the Kilgo Methodist Church, to construct a church sanctuary at 2102 Belvedere Avenue, Charlotte." Plaintiffs were to be paid the total cost of construction, which amounted to $218,662.31. Of this amount defendants have paid only $195,259.66. Plaintiffs are entitled to recover judgment for $23,402.65, the balance due.

Answering, defendants deny the contract alleged by plaintiffs. They aver, *inter alia:* On July 13, 1959, the parties entered into a *written* contract in which it was stipulated that plaintiffs would build the church for $199,000.00. The sanctuary was completed on October 5, 1960, and plaintiffs accepted $195,259.66, the contract price less certain credits due defendants, in full payment.

Plaintiffs' evidence, most of which was excluded upon defendants' objection and taken in the absence of the jury, disclosed the following state of affairs: Sometime prior to July 9, 1959, plaintiffs submitted to defendants a bid of $199,000.00 for the construction of a sanctuary for

Church in accordance with certain plans and specifications. Thereafter plaintiffs discovered an error in their calculations. On July 11, 1959, plaintiff John V. Barger met with Church's architect, its minister, and one of the members of its Board of Trustees, a group represented to Barger as Church's building committee. He reported to this group that it would cost approximately $215,000.00 to build the Church. The Board of Trustees was not involved in this meeting. The architect informed Barger that the building committee had no authority to go beyond $200,000.00. With reference to this meeting Barger testified in the absence of the jury:

> "I told the Committee I understood this $200,000.00 that had been set was as high as they could go and that they would not have the money to go beyond that point, and felt I had some obligation to the Committee because I had made this error. I stated that I could withdraw but didn't want to because of my reputation. I told them that we would build the church and keep our costs and that when it was over with if the costs exceeded this $199,000.00 that I would take a note for it and throw it in the back of my safe. I stated that I would sign this $199,000.00 contract and we would proceed on that basis and when the job was completed I would have my auditor submit to their Architect an itemized costs *(sic)* of the job and they would pay me the costs . . . The agreement was that I was to be paid my cost for building the building."

Thereafter, on July 13, 1959, plaintiff Barger and defendants signed the American Institute of Architects' standard form of agreement between contractor and owner for the construction of buildings, in which he agreed to erect the building for $199,000.00. The work was not finally completed until November 20, 1960, but on October 27, 1960, plaintiffs submitted to the architect an itemized statement of costs totaling $223,729.11. The construction of the church was financed by a loan from a building-and-loan association. On September 30, 1960, Barger sent to the lending institution his last payment request under the signed agreement. This payment request showed a contract price of $199,000.00, listed a number of credits, which reduced the price to $195,259.66, and a balance due of $35,096.92. On November 4, 1960, Barger went to the office of the building-and-loan association, signed a lien waiver, and accepted the final check, marked "paid in full."

The court ruled that evidence of the oral contract between plaintiffs and Church's building committee was incompetent and dismissed the case as of nonsuit at the close of plaintiffs' evidence. Plaintiffs excepted and appealed.

*Collier, Harris & Collier by T. C. Homesley, Jr., for plaintiffs.*
*Winfred R. Ervin for defendants.*

PER CURIAM.  The judgment of nonsuit must be affirmed. The oral contract upon which plaintiffs sue was allegedly made on July 11, 1959. It was therefore superseded by the written agreement executed by the parties on July 13, 1959, and was incompetent to contradict or vary the terms of the written contract. *Gas Company v. Day,* 249 N.C. 482, 106 S.E. 2d 678; *Williams v. McLean,* 220 N.C. 504, 17 S.E. 2d 644. Furthermore, if we were to assume the agency of the building committee — which we may not, *Sledge v. Wagoner,* 250 N.C. 559, 562, 109 S.E. 2d 180, 183; *Commercial Solvents v. Johnson,* 235 N.C. 237, 240, 69 S.E. 2d 716, 719 —, the testimony of plaintiff Barger discloses that he dealt with a committee whose authority to contract, he knew, was limited to $200,000.00. It could not bind Church to pay more. "One dealing with an agent or representative with known limited authority can acquire no rights against the principal when the agent or representative acts beyond his authority or exceeds the apparent scope thereof." *Texas Co. v. Stone,* 232 N.C. 489, 61 S.E. 2d 348. Finally, plaintiffs' evidence discloses that at the time the construction loan was closed, Barger signed a lien waiver and accepted and cashed a check which stated on its face that it was in full payment of his contract. *Moore v. Greene,* 237 N.C. 614, 75 S.E. 2d 649. It clearly appears that appellants, under any aspect of their evidence, are not entitled to recover.

It is noted that during the trial plaintiffs took no exception to the *exclusion* of much of their proffered evidence. In the case on appeal, however, "appellants assert 'exception' by reason of G.S. 1-206." This section protects a litigant whose objection to the *admission* of evidence is overruled. "It makes no provision for the protection of the adversary party who sits by and fails to except when an objection to evidence is sustained." *Cathey v. Shope,* 238 N.C. 345, 78 S.E. 2d 135.

Judgment affirmed.