HUGH R. BROWN v. COASTAL TRUCKWAYS, INC., A CORPORATION

No. 7926DC254

(Filed 8 January 1980)

**Uniform Commercial Code § 3— deposit of check under reservation of rights — rights not preserved**

    A disputed claim for compensation for employment is extinguished when the debtor employer tenders to the creditor employee a check marked "account in full" and the creditor deposits the check after striking these words from the check and notifying the debtor that he is reserving his right to contend for the balance of the claim, and G.S. 25-1-207 was inapplicable to preserve creditor's claim.

APPEAL by plaintiff from *Bennett, Judge.* Order entered 23 October 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 13 November 1979.

Plaintiff appeals from the entry of summary judgment against him. It appears from the pleadings and other papers filed in this case that at the time of the entry of the judgment, the following facts were not in dispute. Plaintiff had worked as a salesman for defendant and was paid a commission on business he generated for defendant. His employment was terminated, and there was a dispute as to the amount of commission owed to the plaintiff. In May 1971, the defendant mailed a check to plaintiff in

the amount of $1,162.08 with the notation in the lower left hand corner "account in full." On 20 May 1971, the plaintiff wrote to defendant, notifying the defendant that the check did not pay the account in full and that he would strike the words "account in full" from the check before depositing it. Plaintiff struck the words from the check and deposited it on 26 May 1971. Plaintiff sued defendant for the balance of the commissions he claimed were due. On this state of facts the court held there was not a genuine issue as to any material fact and entered judgment for defendant.

Plaintiff appealed.

*Harkey, Faggart, Coira, Fletcher and Lambert, by Charles F. Coira, Jr., for plaintiff appellant.*

*Joslin, Culbertson, Sedberry and Houck, by William Joslin, for defendant appellee.*

WEBB, Judge.

There being no dispute as to the facts as stated in this opinion, the entry of summary judgment was proper if the defendant is entitled to judgment as a matter of law based on these facts. G.S. 1A-1, Rule 56. *Atkinson v. Wilkerson*, 10 N.C. App. 643, 179 S.E. 2d 872 (1971). The case sub judice poses the following question. Is a disputed claim extinguished when the debtor tends to the creditor a check marked "account in full" and the creditor deposits the check after striking these words from the check and notifies the debtor he is reserving his right to contend for the balance of the claim? Prior to the adoption of the Uniform Commercial Code, this would be an accord and satisfaction and the claim would be extinguished. When the debtor tendered the check to the creditor, the creditor had to take the check on the terms offered by the creditor or not take it at all. The acceptance of the check constituted an accord and satisfaction in spite of any characterization of it by the creditor. *See Rosser v. Bynum & Snipes*, 168 N.C. 340, 84 S.E. 393 (1915); *Phillips v. Construction Co.*, 261 N.C. 767, 136 S.E. 2d 48 (1964), and *Barger v. Krimminger*, 262 N.C. 596, 138 S.E. 2d 207 (1964). 1 Am. Jur. 2d, Accord and Satisfaction, § 21, p. 319 (1962).

Plaintiff contends the rule in this state has been changed by G.S. 25-1-207 which provides:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.

This section is a part of the Uniform Commercial Code. It has been interpreted in several cases. *See Baillie Lumber Co. v. Kincaid Carolina Corp.*, 4 N.C. App. 342, 167 S.E. 2d 85 (1969); *Scholl v. Tallman*, --- S.D. ---, 247 N.W. 2d 490 (1976); *Fritz v. Marantette*, 404 Mich. 329, 273 N.W. 2d 425 (1978), and *Jahn v. Burns*, Wyo., 593 P. 2d 828 (1979). It has also been the subject of several articles. *See* Rosenthal, *Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code*, 78 Colum. L. Rev. 48 (1978); Hawkland, *The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check*, 74 Com. L. J. 329 (1969), and McDonnell, *Purposive Interpretation of the Uniform Commercial Code: Some Implications for Jurisprudence*, 126 U. Pa. L. Rev. 795, 824 (1978).

The underlying obligation in this case for which the check was given involved an employment contract. Employment contracts are not ordinarily covered by the Uniform Commercial Code, and the first question we face is whether this case is brought within the coverage of the Code because a check was given in payment of a claim on an employment contract. G.S. 25-3-802 provides in part:

(1) Unless otherwise agreed where an instrument is taken for any underlying obligation

*      *      *

(b) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored, action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation to the extent of his discharge on the instrument.

The Official Comment indicates this section is intended to settle conflicts as to the effect of an instrument as payment of the obligation for which it is given. This section provides that if a check is given in payment of a claim, and the underlying obligor is discharged on the check, he is also discharged on the underlying claim. Since a check is governed by the Uniform Commercial Code, we hold that whether the defendant is discharged on the plaintiff's claim depends on the extent to which he is discharged on the check. The employment contract is subject to the Uniform Commercial Code to this extent.

We must next determine whether G.S. 25-1-207 applies to a full payment check given in satisfaction of a disputed account. If it does apply, it would be for the reason that plaintiff assented to "performance in a manner . . . offered by" the defendant while plaintiff reserved his rights. The defendant offered a check in full settlement of the plaintiff's claim. When the plaintiff struck from the check the words "for account in full" and notified defendant he would not accept the check in full payment, he did not assent to "performance in a manner . . . offered by" the defendant. This would make G.S. 25-1-207 inapplicable to the case sub judice.

Some help in interpreting the statute comes from the Official Comment which reads:

> 1. This section provides machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute, by adopting the mercantile device of going ahead with delivery, acceptance, or payment "without prejudice," "under protest," "under reserve," "with reservation of all our rights" and the like. All these phrases completely reserve all rights within the meaning of this section. This section therefore contemplates that limited as well as general reservations and acceptance may be made "subject to satisfaction of our purchaser," "subject to acceptance by our customers," or the like.

From reading the Official Comment, it would appear that this section applies when one party desires to continue performance under a contract without waiving any rights in a pending dispute. The plaintiff in this case did not propose to continue to perform but did want to preserve his right to collect his claim in full. This

was apparently not within the coverage of the section as contemplated in the Official Comment.

The law review articles cited above also provide some help in interpreting G.S. 25-1-207. Hawkland points out that the Official Comments, as a practice, indicate when there is a change in the common law. The Official Comment to G.S. 25-1-207 does not indicate it changes the common law. This is some evidence this section was not intended by the drafters of the Code to change the common law as to full payment checks. Dean Rosenthal in his well-reasoned article states that in its drafting stages, the Code contained a proposed section, later withdrawn, specifically covering full payment checks. No Official Comment ever suggested the two sections dealt with the same subject matter.

Based on the plain words of the statute, we hold that G.S. 25-1-207 does not apply to a check tendered in full payment of a disputed claim. We believe the Official Comment and the history of the Uniform Commercial Code support this holding. When the defendant tendered a check to plaintiff in full payment of the claim, the plaintiff, by depositing the check, accepted the defendant's offer of settlement. This made it an accord and satisfaction.

There is some language in *Baillie Lumber Co. v. Kincaid Carolina Corp., supra,* which would support a different result. That case involved a fully liquidated claim. It is not precedent for this case.

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.