JOHN W. BARBER v. WILLIAM H. WHITE AND WIFE, MRS. WILLIAM H. WHITE

No. 7920DC503

(Filed 1 April 1980)

1. Accord and Satisfaction § 1— cashing of full-payment check

   Plaintiff's cashing of a check with the words "painting in full" marked on the face of the check constituted an accord and satisfaction as a matter of law where plaintiff painted defendants' house on a "cost plus" basis; when the work was completed satisfactorily, plaintiff presented to defendants a bill for $2359.19 which defendants contested as too high; defendants offered plaintiff the check in the amount of $1813.19 as full payment; plaintiff was aware that the words "painting in full" were on the face of the check; and plaintiff cashed the check and demanded the balance from defendants.

Barber v. White

2. **Uniform Commercial Code § 3— U.C.C. provision inapplicable to full payment checks**
   G.S. 25-1-207 is inapplicable to full payment checks.

APPEAL by defendants from *Honeycutt, Judge.* Judgment entered 13 February 1979 in District Court, MOORE County. Heard in the Court of Appeals 9 January 1980.

Plaintiff seeks to recover $615 plus interest which he alleges defendants owe to him for painting their house. Defendants allege as an affirmative defense that the parties entered into an accord agreement, and that pursuant to this agreement plaintiff accepted a check in full satisfaction of their obligation to him.

Evidence was presented that plaintiff gave defendants an estimated cost of "somewhere in the neighborhood of $2,700.00" for painting their house. The parties then entered into a "cost plus" contract. When the work was completed satisfactorily, plaintiff presented to defendants a bill for $2,359.19, which defendants contested as too high. Defendants then offered plaintiff a check in the amount of $1,813.19 as full payment, with the words "painting in full" marked on the face of the check. Plaintiff was aware at the time that these words were on the face of the check. Plaintiff told defendants that he was "in a rather tight position" and needed the money, and that defendants still owed him $615.19. On the advice of counsel plaintiff then cashed the check and demanded the balance from defendants, but they have refused to pay.

The court found that there was no accord and satisfaction, and that defendants are indebted to plaintiff in the amount of $615. Defendants appeal.

*Brown, Holshouser & Pate, by W. Lamont Brown, for plaintiff appellee.*

*Rodney W. Robinson for defendant appellants.*

ARNOLD, Judge.

Defendants' counsel has failed to comply with Rules 9(b)(1)(x) and (xi), 10(a) and (b)(1), and 28(b)(3) of the Rules of Appellate Procedure. It appears from the record that defendants assign error to the denial of a motion to dismiss, but the only indication in the record that such a motion was made and denied appears upon the

face of the judgment. Neither a written motion nor an indication that an oral motion was made in open court appears. No exceptions have been set out in the record, or referred to in defendants' brief. The brief makes no reference to any assignment of error. Nevertheless, pursuant to Rule 2 of the Rules of Appellate Procedure we have considered defendants' appeal upon its merits.

[1] Defendants would be entitled to have their motion for dismissal granted only if the evidence presented established an accord and satisfaction as a matter of law. An accord is an agreement between the parties that discharges a contract or settles a cause of action, and a satisfaction is the execution of that agreement. *Prentzas v. Prentzas*, 260 N.C. 101, 131 S.E. 2d 678 (1963); *Baillie Lumber Co., Inc. v. Kincaid Carolina Corp.*, 4 N.C. App. 342, 167 S.E. 2d 85 (1969). Plaintiff argues that whether the parties intended to reach an accord and satisfaction is a question for the jury, but the cases which stand for that proposition are distinguishable from the one now before us. *See, e.g., Allgood v. Wilmington Savings & Trust Co.*, 242 N.C. 506, 88 S.E. 2d 825 (1955) (whether a receipt signed by plaintiff for a portion of insurance benefits was an acceptance of the portion in full settlement of her claim); *Blanchard v. Edenton Peanut Co.*, 182 N.C. 20, 108 S.E. 332 (1921) (whether a check enclosed with a statement of the account marked "We enclose check to cover" was sent on condition that its acceptance would be a full settlement). The present case is concerned with what is commonly known as a "full payment check," that is, a check marked with some indication that it is tendered in full payment of a disputed claim, and in such cases the cashing of the check has been held to be an accord and satisfaction as a matter of law. For example, in *Moore v. Greene*, 237 N.C. 614, 75 S.E. 2d 649 (1953), the plaintiff creditor, having expressed to the debtor his dissatisfaction with the amount tendered in the check marked "For Settlement," proceeded to cash the check. The court said: "The plaintiff had a right to decline the proffered settlement and sue for the full amount he claimed was due. . . . We think he made his election when he cashed the check and may not now be allowed to change his position and avoid the effect of his acceptance of the check tendered him by the defendant." *Id.* at 616-17, 75 S.E. 2d 650. *Accord, Phillips v. Phillips Construction Co., Inc.*, 261 N.C. 767, 136 S.E. 2d 48 (1964); *Davis Sulphur Ore Co. v. Powers*, 130 N.C. 152, 41

S.E. 6 (1902); *Brown v. Coastal Truckways, Inc.*, 44 N.C. App. 454, 261 S.E. 2d 266 (1980).

[2]   The parties argue the effect of G.S. 25-1-207 upon the facts now before us, but in the recent case of *Brown v. Coastal Truckways, Inc., supra,* we determined that this statute does not apply to full payment checks. We based this holding upon the plain words of the statute, saying: "If [G.S. 25-1-207] does apply, it would be for the reason that plaintiff assented to 'performance in a manner . . . offered by' the defendant . . . [and] [w]hen the plaintiff . . . notified defendant he would not accept the check in full payment, he did not assent to 'performance in a manner . . . offered by' the defendant. This would make G.S. 25-1-207 inapplicable. . . ." *Id.* at 457, 261 S.E. 2d at 268.

Plaintiff's cashing of the check marked "painting in full" established an accord and satisfaction as a matter of law. Defendants were entitled to have their motion to dismiss granted. The judgment of the trial court is

Reversed.

Judges CLARK and ERWIN concur.