BETTY CAROLE SHARPE v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, A CORPORATION, A MEMBER OF THE NATIONWIDE GROUP OF INSURANCE COMPANIES

No. 8225SC790

(Filed 7 June 1983)

**Accord and Satisfaction § 1— fire insurance policy—acceptance of check—condition on endorsement ineffectual**

Where defendant insurance company mailed plaintiff a sworn statement and proof of loss which defendant signed, and where defendant then issued to plaintiff a draft in full payment of all claims and where plaintiff typed over the line which read "full payment unless otherwise indicated on stub," and wrote the following: "This check (or draft) is accepted as partial payment of the claim for the total loss of the property involved and payees' endorsement hereon is

limited to that purpose," plaintiff's cashing of the check tendered in full payment of the disputed claim established an accord and satisfaction as a matter of law.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 8 March 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 18 May 1983.

Plaintiff instituted this action to recover the face amount of an insurance policy issued by defendant on plaintiff's house, which was destroyed by fire. She also seeks damages for alleged fraud and unfair trade practices.

The complaint alleged that defendant failed to inform plaintiff of the "inflation coverage endorsement" and "replacement cost coverage" provisions of her policy, and misrepresented that $15,531.23, the amount of a sworn statement in proof of loss, was its total liability to her. Defendant answered, denying the allegations of fraud and asserting, *inter alia*, the affirmative defense of accord and satisfaction or compromise and settlement.

Plaintiff appeals from summary judgment for defendant.

*W. P. Burkhimer for plaintiff appellant.*

*Todd, Vanderbloemen and Respess, by William W. Respess, Jr., for defendant appellee.*

WHICHARD, Judge.

An "accord" is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a "satisfaction" is the execution or performance, of such agreement.

*Allgood v. Trust Co.*, 242 N.C. 506, 515, 88 S.E. 2d 825, 830-31 (1955). While normally the existence of an accord and satisfaction is a question of fact for the jury, if the only reasonable inference is its existence or nonexistence, accord and satisfaction is a question of law and may be adjudicated by summary judgment when the essential facts are made clear of record. *Construction Co. v.*

*Coan*, 30 N.C. App. 731, 737, 228 S.E. 2d 497, 501, *disc. rev. denied*, 291 N.C. 323, 230 S.E. 2d 676 (1976).

The following facts are undisputed: On 3 June 1979 a dwelling owned by plaintiff and insured by defendant was totally destroyed by fire. Plaintiff duly notified defendant of the loss and filed a claim. Defendant, through its adjuster, mailed plaintiff a completed sworn statement in proof of loss, which stated that the whole loss and damage was $15,581.23, less a $50 deductible. Plaintiff read the proof of loss, signed it before a notary public, and returned it to defendant. Defendant then issued to plaintiff a draft in the amount of $15,531.23 in full payment of all claims. Plaintiff, through her attorney, typed over the line which read "Full payment unless otherwise indicated on stub," the following: "THIS CHECK (or draft) IS ACCEPTED AS PARTIAL PAYMENT OF THE CLAIM FOR THE TOTAL LOSS OF THE PROPERTY INVOLVED AND PAYEES' ENDORSEMENT HEREON IS LIMITED TO THAT PURPOSE." She then negotiated the draft.

The cashing of a check tendered in full payment of a disputed claim establishes an accord and satisfaction as a matter of law. *Barber v. White*, 46 N.C. App. 110, 112, 264 S.E. 2d 385, 386 (1980). In such case the claim is extinguished, regardless of any disclaimers which may be communicated by the payee. *Brown v. Coastal Truckways*, 44 N.C. App. 454, 455, 261 S.E. 2d 266, 267 (1980). G.S. 25-1-207 (1965) does not change the common law rule regarding acceptance of a "full payment check." *Id.* at 458, 261 S.E. 2d at 269.

Plaintiff contends defendant was liable to her for the entire face amount of her policies. The contention is without merit. A claim on a fire insurance policy is, by its very nature, unliquidated. The policy here provided coverage for the actual cash value of the dwelling at the time of loss up to a maximum limit. The actual cash value could not be resolved by a predetermined mathematical formula, and it was not agreed to prior to the date of loss.

Execution of the sworn statement in proof of loss, which established the value of the loss, constituted an accord as to the unliquidated claim. The statement confirmed that plaintiff agreed to the sum stated therein as the amount of her loss. Plaintiff ex-

pressed no disagreement to defendant regarding the amount set forth.

A satisfaction occurred upon plaintiff's acceptance and negotiation of the draft. Her attempt to alter its terms is unavailing. She had to accept it on the terms offered by defendant or not at all, and her acceptance and negotiation of it constituted an accord and satisfaction despite her attempt to characterize it otherwise. *Brown, supra,* 44 N.C. App. at 455, 261 S.E. 2d at 267.

Plaintiff contends defendant acted in bad faith, in violation of G.S. 58-54.1-.13, by failing to inform her of her coverage, her rights, and its liability to her; by not attempting to settle promptly, fairly, and equitably; and by attempting to settle for less than the amount "to which a reasonable man would have believed he was entitled." The record reveals no concealment of facts, however. Plaintiff had a copy of her policy and had opportunity to ascertain the facts. *See Setzer v. Insurance Co.,* 257 N.C. 396, 126 S.E. 2d 135 (1962). She also was represented by counsel. The record is equally devoid of evidence to support plaintiff's other contentions.

It appears that defendant issued, and plaintiff paid premiums on, two policies covering the subject property. Plaintiff contends that she thus should recover the full face amount of both policies.

Plaintiff may be entitled, upon seeking same, to cancellation of the second policy and restitution of the premiums paid thereon. *See generally* 3 *Strong's North Carolina Index 3d,* Cancellation and Rescission; D. Dobbs, *Remedies* §§ 4.1-.9 (1973) (particularly § 4.8, at 298). As to her loss from the fire, however, she can only recover the actual value thereof; and in that regard she is bound by an accord and satisfaction.

The undisputed facts indicate no genuine issue of material fact, and establish that defendant is entitled to judgment as a matter of law. Summary judgment for defendant thus was proper. G.S. 1A-1, Rule 56(c) (1969); *Kidd v. Early,* 289 N.C. 343, 365, 222 S.E. 2d 392, 399 (1976).

Affirmed.

Judges BRASWELL and EAGLES concur.