J. F. WILKERSON CONTRACTING COMPANY, INC. v. SELLERS MANUFAC-
TURING CO., INC.

No. 8410SC574

(Filed 19 March 1985)

**Accord and Satisfaction § 1— acceptance of check for disputed amount—accord and satisfaction**

> Summary judgment was properly entered for defendant in an action arising from a construction contract where plaintiff and defendant disagreed about whether plaintiff owed liquidated damages and plaintiff had negotiated a check from defendant for the final payment minus liquidated damages. Plaintiff had to accept the check on the terms offered by defendant or not at all; acceptance and negotiation constituted an accord and satisfaction despite plaintiff's attempts to characterize it otherwise.

APPEAL by plaintiff from *Herring, Judge*. Judgment entered 6 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 17 January 1985.

The single issue presented in this case is whether plaintiff and defendant entered into an accord and satisfaction when plain-

tiff cashed a check tendered by defendant as payment for construction work done by plaintiff.

On 9 July 1979, plaintiff and defendant entered into a contract under which plaintiff agreed to do certain clearing, grading, paving, sanitary sewage and drainage work for defendant for a lump sum of $354,656.50. The work was to begin no later than 1 August 1979 and was to finish no later than 1 February 1980. The parties agreed that if plaintiff did not finish by the contract date, defendant could deduct liquidated damages of $50 per additional day from its agreed payment to plaintiff.

Due to errors in the plans and specifications, and in the "field engineering lay-out," which plaintiff ascribes to the Project Engineer, plaintiff fell behind in its work, and with the onset of winter, had to stop work during the months January, February and March. Plaintiff claims that the Project Engineer, who plaintiff also claims was defendant's agent, assured plaintiff that it could have extensions of time to avoid liquidated damages.

Plaintiff substantially completed the project on 1 July 1980, 150 days beyond the contract date. Plaintiff sent defendant a final request for payment of $15,939.21. Plaintiff claims that nine months later defendant agreed it owed this amount. Yet, on 6 July 1981, defendant tendered a check to plaintiff in the amount of $8,439.21. The check was attached to a voucher that read:

| $15,939.21 | Final Payment |
|---|---|
| (7,500.00) | Less $50.00 per day for 150 days over |
| $ 8,439.21 | Balance Due. |

Accompanying the check was a letter from defendant to the Project Engineer, explaining that the $8,439.21 was final payment to plaintiff.

The trial judge granted a summary judgment against plaintiff on all issues raised by plaintiff and, finding no just reason for delay, entered a final order as to them. Plaintiff appeals.

*John E. Bugg for plaintiff appellant.*

*Akins, Mann, Pike & Mercer, by J. Jerome Hartzell, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that defendant owes it $7,500, an amount defendant deducted as liquidated damages from the total amount of $15,939.21 owed to plaintiff as final payment for construction work. Defendant deducted the $7,500 because plaintiff finished its work for defendant 150 days beyond the contract date and because the parties had agreed that defendant was entitled to liquidated damages of $50 per day for each day the project was not finished beyond the contract completion date. Defendant thus tendered a check for the lesser amount of $8,439.21 as "final payment" and contends that plaintiff's negotiation of it constituted a settlement of the account, an accord and satisfaction which estops plaintiff from seeking additional payment.

Defendant moved for summary judgment against plaintiff, which was granted by the trial judge. Normally, the existence of an accord and satisfaction is a question for the jury, but, "if the only reasonable inference is its existence or nonexistence, accord and satisfaction is a question of law and may be adjudicated by summary judgment when the essential facts are made clear of record." *Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 565, 302 S.E. 2d 893, 894, *cert. denied* 309 N.C. 823, 310 S.E. 2d 353 (1983).

When two parties disagree about an amount owed, and the debtor tenders a check to the creditor as full payment, the creditor's negotiation of the check constitutes an accord and satisfaction as a matter of law. *Sharpe*, 62 N.C. App. at 566, 302 S.E. 2d at 894; *Barber v. White*, 46 N.C. App. 110, 112, 264 S.E. 2d 385, 386 (1980); *Brown v. Coastal Truckways, Inc.*, 44 N.C. App. 454, 455, 261 S.E. 2d 266, 267 (1980); *Barger v. Krimminger*, 262 N.C. 596, 598, 138 S.E. 2d 207, 210 (1964).

The record in the present case indicates without doubt that prior to plaintiff's negotiation of the check tendered by defendant, the plaintiff and defendant disagreed on the amount defendant owed for the construction work. On 31 March 1981 plaintiff issued to defendant a bill for final payment in the amount of $15,939.21. On 6 July 1981 defendant sent plaintiff a check for $8,439.21. The accompanying voucher showed:

J. F. Wilkerson Contracting Co., Inc. v. Sellers Manufacturing Co., Inc.

15,939.21   Final Payment
(7,500.00)   Less $50.00 per day for 150 days over
$8,439.21   Balance Due

A letter also accompanied the check. It read:

Mr. Don C. Kennedy, P.E.
Bass, Nixon & Kennedy, Inc.
7416 Chapel Hill Road,  ·
Raleigh, N. C. 27607

Dear Don:

We are enclosing our check for $8,439.21 as final payment to J. F. Wilkerson Contracting Company.

According to your June 17, 1981 letter Wilkerson is penalized for being 150 days late in completing the project as contracted. Therefore we have deducted $7,500.00, or 150 days at $50.00 per day.

Please forward this check to Wilkerson and the extra copy of this letter enclosed for their records.

Yours very truly,

SELLERS MANUFACTURING COMPANY
s/ BEN F. BULLA
Ben F. Bulla, Treasurer

CC:   Mr. Ben E. Jordan, Jr., President
J. F. Wilkerson Contracting Co.

Enclosure 2

These documents indicate that plaintiff and defendant disagreed on the total amount owed, primarily because they disagreed as to whether or not plaintiff owed liquidated damages.

When plaintiff elected to accept defendant's check this represented its acceptance of the balance due as final payment. Plaintiff's attempt to alter the terms of the letter and voucher is unavailing. Plaintiff had "to accept it [the check] on the terms offered by defendant or not at all, and . . . acceptance and negotiation of it constituted an accord and satisfaction despite [plaintiff's] attempt to characterize it otherwise." *Sharpe,* 62 N.C. App. at 567, 302 S.E. 2d at 894.

An accord and satisfaction was established as a matter of law and the trial judge's grant of a summary judgment was proper.

Affirmed.

Judges WELLS and EAGLES concur.