SANYO ELECTRIC, INC. v. ALBRIGHT DISTRIBUTING COMPANY

No. 8426SC981

(Filed 16 July 1985)

**Accord and Satisfaction § 1— negotiation of check—summary judgment proper**

The trial court properly granted defendant's motion for summary judgment as to the issue of accord and satisfaction where it was uncontradicted that plaintiff negotiated defendant's check which was tendered as full payment of the disputed claim. Even if plaintiff's bank automatically accepted and deposited the check without authority to compromise the claim, plaintiff ratified the bank's action by not refunding the money or in any way repudiating the claim. G.S. 1-540, G.S. 1A-1, Rule 56(c).

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 4 June 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 April 1985.

Plaintiff, a manufacturer and distributor of consumer goods, brought this action to recover $48,662.69 from defendant for kerosene heaters which plaintiff had sold and delivered to defendant on an open account and for which defendant had not paid. Defendant, in its answer, pled the affirmative defense of accord and satisfaction in bar of plaintiff's claim. After both parties submitted affidavits, the trial judge granted defendant's motion for summary judgment as to the accord and satisfaction but left unresolved an issue regarding storage fees. Plaintiff appeals.

*Walker, Palmer and Miller, P.A. by Richard M. Koch for plaintiff-appellant.*

*DeLaney, Millette and McKnight, P.A. by Ernest S. DeLaney for defendant-appellee.*

PARKER, Judge.

Although the appeal is interlocutory because the trial judge left unresolved the question of storage fees, we will, in the exercise of our discretion under Rule 2, Rules of Appellate Procedure, consider the merits of plaintiff's appeal.

According to defendant's evidence presented through affidavits, admissions and pleadings, plaintiff solicited defendant to act as sole distributor for kerosene heaters in a geographic area. In the fall of 1982 plaintiff convinced some of defendant's customers to buy kerosene heaters directly from plaintiff. In the winter of 1982 plaintiff agreed to allow defendant a credit of $7,775.70 as damages for the lost sales. John Bumgarner, director of sales for defendant, explained in his affidavit that on 10 January 1983 he spoke to Debbie Valenza, plaintiff's account specialist, and told her that their invoice balance was $83,340.32 but that Sanyo had failed to credit defendant the $7,775.70 damages. He also told Valenza that defendant had an inventory of plaintiff's heaters valued at $44,305.84 in stock. Bumgarner offered to pay $34,693.06 in full and complete settlement of plaintiff's claim, and the heaters in inventory would be returned to plaintiff. Valenza agreed to this settlement offer and told Bumgarner to send a check. On 31 January 1983, H. D. Albright, president of defendant company, sent plaintiff a check for $34,693.06 "in full, final and complete settlement of all amounts owed." The check was sent to Sanyo Electric Inc., P.O. Box 95538, Chicago, Illinois 60694. Plaintiff negotiated the check on 3 February 1983.

Valenza, in her affidavit, said that she never told Bumgarner that Sanyo would accept a partial payment in satisfaction of the whole account, but that any payment defendant made would be credited against the balance of $83,340.32. Valenza also told Bumgarner to send the check to her at plaintiff's New Jersey address, not to the Chicago, Illinois address which was a bank lock box for receipt of payments.

The principles applicable to summary judgment are well established. General Statute 1A-1, Rule 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a

matter of law." The moving party has the burden of clearly establishing the lack of any triable issue of fact; his papers are carefully scrutinized while those of the nonmoving party are indulgently regarded. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). This burden may be met by proving that an essential element of the opposing party's claim is nonexistent, or by showing that the opposing party either cannot produce evidence to support an essential element of his or her claim or cannot surmount an affirmative defense which would bar the claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981).

As explained by our Supreme Court in *Dobias v. White*, 239 N.C. 409, 80 S.E. 2d 23 (1954), an accord is an agreement in which one of the parties undertakes a performance in satisfaction of a liquidated or disputed claim, arising from tort or contract, and the other party agrees to accept the performance even though it is different from what he considered himself entitled to; satisfaction is the completion or execution of the agreed performance. *See* G.S. 1-540. "Agreements are reached by an offer by one party and an acceptance by the other. This is true even though the legal effect of the acceptance may not be understood." *Prentzas v. Prentzas*, 260 N.C. 101, 104, 131 S.E. 2d 678, 681 (1963).

When there is some indication on a check that it is tendered in full payment of a disputed claim, the cashing of the check is held to be an accord and satisfaction as a matter of law. *Barber v. White*, 46 N.C. App. 110, 264 S.E. 2d 385 (1980). For example, in *Sharpe v. Nationwide Mutual Fire Insurance Co.*, 62 N.C. App. 564, 302 S.E. 2d 893 (1983), plaintiff's house was destroyed by fire, and she filed a claim with defendant insurance company. Defendant sent plaintiff a proof of loss statement, which plaintiff signed and returned, and a draft for $15,531.23 in full payment of all claims. Plaintiff typed on the draft that it was accepted only as partial payment of the claim, and then negotiated the draft. Plaintiff later contended that defendant was liable to her for the entire face amount of her policy. The trial court entered summary judgment for defendant; this Court affirmed, holding that the cashing of a check tendered in full payment of a disputed claim establishes, as a matter of law, an accord and satisfaction.

In the instant case the letter accompanying the check provided, "This check is delivered to you in full, final and complete set-

tlement of all amounts owed to you by Albright Distributing Company." The letter concluded, "In the event you are not agreeable to this check ·constituting full, final and complete settlement of our account with you, please return this check forthwith." Plaintiff admitted in response to defendant's request for admissions that defendant mailed the letter and that the check was enclosed with the letter. Plaintiff also admitted: "[t]he plaintiff cashed the aforesaid check of the defendant during February of 1983, and the plaintiff has never refunded or offered to refund to the defendant any portion of the $34,693.06." Plaintiff did not deny that the bank in Chicago was its agent, nor did plaintiff assert that the bank deposited the check either with or without authority to compromise the claim.

When the only reasonable inference to be drawn from the materials at the summary judgment hearing is that an accord and satisfaction had been reached, summary judgment is appropriate. *Construction Co. v. Coan*, 30 N.C. App. 731, 228 S.E. 2d 497 (1976). In the instant case we find that it is uncontradicted that plaintiff negotiated defendant's check which was tendered as full payment of the disputed claim. This established an accord and satisfaction as a matter of law. "When the debtor tendered the check to the creditor, the creditor had to take the check on the terms offered by the creditor or not take it at all." *Brown v. Coastal Truckways*, 44 N.C. App. 454, 261 S.E. 2d 266 (1980). Moreover, even if it is assumed, which the record does not support, that the bank automatically accepted and deposited the check without authority to compromise the claim, plaintiff ratified the bank's act by not refunding the money or in any way repudiating the settlement. *See Snyder v. Freeman*, 300 N.C. 204, 266 S.E. 2d 593 (1980).

As there is no genuine issue of material fact as to the existence of the accord and satisfaction, summary judgment for defendant is appropriate on that issue. Accordingly, summary judgment as to the accord and satisfaction is affirmed, and the case is remanded for determination by the trial court of the storage fees.

Affirmed in part and remanded in part.

Judges WEBB and BECTON concur.