J. T. MOORE, D/B/A HOME INSULATION & ACOUSTICAL CO. v. BOBBY DIXON ASSOCIATES, INC.

No. 875SC1170

(Filed 2 August 1988)

1. **Accord and Satisfaction § 1— construction work—partial payment of final bill—accord and satisfaction—jury question**

   The trial court properly denied defendant's motions for directed verdict on its claim of accord and satisfaction where the evidence tended to show that plaintiff performed work for defendant and sent defendant a final bill; defendant disputed the amount of the bill, sent plaintiff a sheet showing all charges and amounts paid, and sent plaintiff a check for substantially less than the amount of the bill; defendant contended that the words "Completed Contract" and "Final" were written on the check; plaintiff cashed the check but could remember nothing about the words; he indicated that he did not know the check was for final payment; and the evidence therefore presented a jury question as to whether there was an accord and satisfaction.

2. **Accord and Satisfaction § 1— check deposited—accord and satisfaction as matter of law—instruction not required**

   The trial court was not required to instruct that plaintiff's deposit of defendant's check tendered as payment in full of a disputed claim constituted an accord and satisfaction as a matter of law, since the facts were in dispute as to

whether the check was for final payment and whether the words "Final" and "Completed Contract" appeared on its face; the relevant inquiry was whether acceptance of this particular check constituted an accord and satisfaction; and this was a question of fact which was properly submitted to the jury.

**3. Accord and Satisfaction § 1— requested instruction not given—no error**

   The trial court was not required to add defendant's requested instruction on the issue of accord and satisfaction where defendant wanted an instruction that "[t]he cashing of a check tendered in full payment of a disputed claim establishes accord and satisfaction as a matter of law . . ."; the facts of this case presented a question for the jury on whether defendant's check was tendered in full payment of the disputed claim; and the trial judge had already stated the law on accord and satisfaction through extensive instructions.

APPEAL by defendant from *Small, Judge.* Judgment entered 5 August 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 May 1988.

*William R. Shell for plaintiff appellee.*

*Lanier & Fountain, by Gordon E. Robinson, Jr., for defendant appellant.*

COZORT, Judge.

Plaintiff filed this action to recover money due from defendant for work he performed on defendant's construction project. From a judgment entered in plaintiff's favor, defendant appeals. We affirm.

On 18 January 1985, plaintiff subcontracted with defendant to perform the sheetrock and insulation work on the St. Regis Resort at Topsail Island, North Carolina, for $510,000.00. The contract provided that defendant could order changes without invalidating the contract and that, if it did so, the contract sum would be adjusted accordingly. The contract also provided that progress payments were to be made on the tenth day of each month and that final payment would be made on the tenth day of the month following the completion of the subcontract work. Defendant paid plaintiff's first seven requests for payment in full. Yet, payments made on request numbers 8 and 9 were short a total of $59,904.00. On 25 November 1985, plaintiff submitted a final bill for $85,658.06 which included the amount owing on the original contract price as well as the cost of various change orders and extras requested by defendant throughout the course

of the project. When defendant received the bill, its president, Bobby Dixon, called plaintiff and contested the amount due. Dixon then sent plaintiff a recapitulation sheet on 12 December 1985 listing the change orders on the bill which he would honor, the amount he had already paid, and a list of offset items which plaintiff had never performed. The recapitulation sheet showed a total balance due of $29,105.26, and defendant sent plaintiff a check for that amount.

Plaintiff deposited this check and then filed suit against defendant for $56,552.80, the amount he contended was still due on the contract. Defendant answered the complaint and alleged that the tender and acceptance of its check for $29,105.26 by plaintiff constituted an accord and satisfaction. At trial, Dixon testified that he had written "Completed Contract," the job number, "S.R. 2" and "Final" on the face of the check before mailing it. However, when the cancelled check came back to defendant, the words "Completed Contract" and "Final" had been marked through. Plaintiff testified that he read the recapitulation sheet and deposited the check, but that he could not remember whether the words "Completed Contract" and "Final" were marked through when he received it. He also testified that he did not scratch through the words and that he never would have deposited the check with the word "Final" written on it, since he was still owed almost $57,000.00. At the close of plaintiff's evidence and again at the close of all of the evidence, defendant moved for a directed verdict; both motions were denied. When the jury returned a verdict for plaintiff in the amount of $44,504.72, plus interest, defendant moved for a judgment notwithstanding the verdict, which was also denied. From the denial of its motions and the judgment entered against it, defendant appeals.

[1] Defendant first argues that the trial court erred in denying its motions for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. We disagree.

The question presented by a motion for a directed verdict is whether the evidence, when considered in the light most favorable to the nonmovant, is sufficient for submission to the jury. *Kelly v. International Harvester Co.*, 278 N.C. 153, 157, 179 S.E. 2d 396, 398 (1971). Any discrepancies and contradictions in the evidence are to be resolved by the trier of fact. *Naylor v. Naylor,*

11 N.C. App. 384, 386, 181 S.E. 2d 222, 224 (1971). Only when the evidence is insufficient to support a verdict in the nonmovant's favor is the motion properly granted. *Snow v. Duke Power*, 297 N.C. 591, 596, 256 S.E. 2d 227, 237 (1979).

In the case below, we find the trial judge properly denied defendant's motions for a directed verdict. There were contradictions in the evidence concerning the existence of an accord and satisfaction.

> "An accord and satisfaction is compounded of two elements: An accord, which is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of a claim, liquidated or in dispute, something other than or different from what he is or considers himself entitled to; and a satisfaction, which is the execution or performance of such agreement."

*Lumber Co. v. Kincaid Carolina Corp.*, 4 N.C. App. 342, 349, 167 S.E. 2d 85, 90 (1969) (quoting 1 Strong, N.C. Index 2d, *Accord and Satisfaction*, § 1 at 30). " 'The word "agreement" implies the parties are of one mind — all have a common understanding of the rights and obligations of the others — there has been a meeting of the minds. (Citations omitted.)' " *Id.* at 350, 167 S.E. 2d at 91 (quoting *Prentzas v. Prentzas*, 260 N.C. 101, 131 S.E. 2d 678 (1963) ). The existence of an accord and satisfaction is ordinarily a question of fact for the jury, unless undisputed facts reveal that the only reasonable inference is its existence or its nonexistence. *Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 565-66, 302 S.E. 2d 893, 894, *cert. denied*, 309 N.C. 823, 310 S.E. 2d 353 (1983). "When there is some indication on a check that it is tendered in full payment of a disputed claim, the cashing of the check is held to be an accord and satisfaction as a matter of law." *Sanyo v. Albright Distributing Co.*, 76 N.C. App. 115, 117, 331 S.E. 2d 738, 740, *disc. rev. denied*, 314 N.C. 668, 336 S.E. 2d 496 (1985).

At the close of plaintiff's evidence, the only evidence before the judge was as follows: Plaintiff testified that all of the change orders had been approved by defendant's job superintendent and that the total amount due on the contract after the change orders were included was $85,658.00. Plaintiff also testified that he and Dixon discussed the amount of the final bill and that Dixon had

said that as soon as several items were completed, he would pay plaintiff "every penny." Plaintiff admitted that he received the recapitulation sheet and check sent by Dixon and that he read over the recapitulation sheet before cashing the check. He also said that he did not know if the words "Completed Contract" or "Final" appeared on the check but that, if they did, he did not scratch through them. The check which was introduced into evidence shows that certain words were crossed out, but it cannot be determined what each of those words were. This evidence fails to show a meeting of the minds as to an accord and satisfaction, as plaintiff's evidence indicates that he did not know the check was for final payment. Therefore, the trial court correctly denied defendant's motion for a directed verdict at the close of plaintiff's evidence.

Dixon's testimony that he wrote "Completed Contract" and "Final" on the check before mailing it to plaintiff created a conflict in the evidence as to what words were written and legible on the check when plaintiff received and endorsed it. Since the facts are in dispute as to what was on the check and as to the existence or nonexistence of an accord and satisfaction, there was an issue of fact for the jury. We hold that the trial judge again properly denied defendant's motion for a directed verdict at the close of all the evidence.

[2] Defendant next argues that the trial court erred by erroneously stating the law on accord and satisfaction in its instructions to the jury. We disagree.

The first issue submitted to the jury was stated as follows:

Did the plaintiff accept an offer of settlement made by the defendant when he deposited the check of the defendant dated June 12, 1985 in the amount of $29,105.26?

Defendant contends that the court should have stated that the deposit of the check tendered as payment in full of a disputed claim constituted an accord and satisfaction as a matter of law. We have already held that the facts here are in dispute as to whether the check was for final payment and whether the words "Final" and "Completed Contract" appeared on its face. The relevant inquiry is whether acceptance of this particular check con-

stituted an accord and satisfaction. We hold that this was a question of fact which was properly submitted to the jury.

[3] Defendant next argues that the trial court erred in refusing to add its requested instruction on the issue of accord and satisfaction. We disagree.

After jury deliberations began, one of the jurors returned to the courtroom with the following question: "Does the cashing of a check which has 'Contract Completed, Final' typed on the face of the check constitute acceptance of payment in full by the payee under North Carolina law?" The trial judge responded to the question with the following instruction:

> An accord is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of a claim liquidated or in dispute and arising either from contract or tort, something other than or different from what he is or considered himself entitled to, and a satisfaction is the execution of the performance of such agreement.

The trial judge then stated, "What you have to decide is whether or not there was a dispute as to what was owed under the contract. Then decide whether or not an agreement was entered into to settle the dispute as to what was owed and that agreement was satisfied by the payment of money." Defendant excepted to this instruction and requested that the judge instruct the jury by quoting portions of *Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 302 S.E. 2d 893, *cert. denied*, 309 N.C. 823, 310 S.E. 2d 353 (1983). Defendant requested the following instruction:

> The cashing of a check tendered in full payment of a disputed claim establishes accord and satisfaction as a matter of law, and that in such case the claim is extinguished regardless of any disclaimer which may be communicated by the payee.

As stated earlier, the facts of this case present a question for the jury on whether defendant's check was tendered in full payment of the disputed claim. The trial judge had already stated the law on accord and satisfaction through extensive instructions, and under the facts of this case there was no need to add defendant's requested instruction. Therefore, there was no error in denying defendant's request.

Defendant next argues that the trial court erred in denying his motion for a judgment notwithstanding the verdict. We disagree.

The motion for judgment notwithstanding the verdict is a motion that judgment be entered in accordance with the movant's earlier motion for a directed verdict, notwithstanding the contrary verdict actually returned by the jury. *Summey v. Cauthen*, 283 N.C. 640, 648, 197 S.E. 2d 549, 554 (1973). The standards for granting this motion are the same as those for granting a directed verdict. *Weyerhaeuser Co. v. Godwin Bldg. Supply*, 40 N.C. App. 743, 745, 253 S.E. 2d 625, 627 (1979).

Defendant's sole basis for arguing that the motion for judgment notwithstanding the verdict should have been granted is that the two earlier motions for a directed verdict were inappropriately denied. Having already determined that the two previous motions were appropriately denied, we find no error in the denial of this motion.

Defendant next argues that the trial court erred in awarding interest on the judgment. Defendant contends that since the award of principal was in error, the award of interest was also in error. We disagree.

An amount awarded on a breach of contract claim bears interest from the day of the breach. N.C. Gen. Stat. § 24-5. We hold that the award of principal in this case was proper. The award of interest from 12 December 1985, the date defendant refused to pay the final bill, was properly granted.

Finally, defendant argues that the trial court erred in signing and entering judgment in this matter. It contends that error of law appears on the face of the record, because the evidence established an accord and satisfaction as a matter of law. We disagree. An exception to the judgment or to the signing and entry of the judgment presents the face of the record proper for review. *In re: Wallace's Estate*, 267 N.C. 204, 207, 147 S.E. 2d 922, 924 (1966). Review by the appellate court is limited to the question of whether error of law appears on the face of the record and whether the judgment is regular in form and supported by the verdict. *Wilson v. Wilson*, 263 N.C. 88, 89, 138 S.E. 2d 827, 828 (1964).

We have reviewed the record and find no error and hold that the judgment is supported by the evidence and the verdict.

Based on the foregoing, we find no error in the trial below.

No error.

Chief Judge HEDRICK and Judge WELLS concur.