CLAES C. HONIG, PLAINTIFF v. VINSON REALTY CO., INC., DEFENDANT

No. 8926SC527

(Filed 1 May 1990)

**Accord and Satisfaction § 1 (NCI4th) — written property management contract — acceptance of check tendered in full payment — defendant as agent with fiduciary duty — accord and satisfaction not available defense**

In an action to recover for an alleged breach of a written property management contract, the trial court erred in concluding that plaintiff's acceptance of defendant's check tendered in full payment of the disputed claim constituted an accord and satisfaction, since defendant was an agent with a fiduciary duty to account for money belonging to his principal, plaintiff; defendant therefore had no right to impose a condition on the payment of the amount represented by the check; and the accord and satisfaction defense was not available to defendant.

**Am Jur 2d, Accord and Satisfaction § 8.**

APPEAL by plaintiff from judgment entered 30 January 1989 by *Judge Frank W. Snepp* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 22 November 1989.

This is a civil action in which plaintiff sought compensatory and treble damages for defendant's alleged breach of a written property management contract. Defendant denied the material allegations and instituted a counterclaim. After a nonjury trial, the trial court concluded as a matter of law that plaintiff's acceptance of defendant's check tendered on 7 January 1987 as full payment constituted an accord and satisfaction and thereby barred plaintiff's claim and defendant's counterclaim. Plaintiff gave notice of appeal in open court. Defendant, however, did not appeal the trial court's decision as to his counterclaim.

**HONIG v. VINSON REALTY CO.**

[98 N.C. App. 392 (1990)]

*Kennedy Covington Lobdell & Hickman, by Wayne Huckel, for plaintiff-appellant.*

*Ruff, Bond, Cobb, Wade & McNair, by Robert S. Adden, Jr. and Thomas C. Ruff, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff purchased commercial property located in Charlotte and executed a written management contract with defendant. The contract, dated 28 April 1983, provided that (1) defendant was to receive a monthly management fee of 6% of the gross rentals collected from lessees Pelton & Crane Company ("P&C") and Inmont Corporation ("Inmont") and (2) in the event plaintiff relieved defendant of managing the property, defendant would receive a buyout of 5% of the gross rentals for the remainder of the leases then in effect.

A dispute arose between the parties as to whether there was an oral modification of the management contract. Plaintiff argued that the management contract was orally modified and that such modifications were to commence in September, 1986. Plaintiff further argued that the parties agreed to reduce both the monthly commission due to defendant from 6% to 4% of the gross rentals and the amount due to defendant under the buyout provision from 5% to 1% of the gross rentals remaining under the leases then in effect. Defendant, however, maintained that an agreement with respect to a reduction of the monthly commission was never agreed upon. The management contract was subsequently terminated.

In an attempt to settle the dispute between the parties, a letter sent from defendant to plaintiff and dated 29 December 1986 suggested new buyout terms. Defendant proposed that he would accept a buyout of 4% of the remaining rents on the P&C and Inmont leases instead of the original 5% provided for in the management contract. No verbal or written agreement was reached.

On 7 January 1987, defendant withheld 4% or $12,409.00 of rents it had collected from P&C and Inmont. Defendant thereafter sent a check in the amount of $43,613.33 to plaintiff along with a letter indicating that the check represented "payment in full through December, 1986 on all accounts." Plaintiff accepted and negotiated the check despite the controversy over the exact amount owed.

By letter addressed to defendant and dated 13 January 1987, plaintiff protested the removal of $12,409.00 as a buyout. Plaintiff instituted this breach of contract action as a result of the parties being unable to reach an amicable resolution.

Before reaching the questions raised by plaintiff on appeal, we note that an accord and satisfaction is compounded of two elements:

> [a]n "accord", [which] is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute . . . something other than or different from what he is or considered himself entitled to; and a "satisfaction" [,] [which] is the execution or performance, of such agreement.

*Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 565, 302 S.E.2d 893, 894 (1983), *quoting Allgood v. Trust Co.*, 242 N.C. 506, 515, 88 S.E.2d 825, 830-31 (1955). An accord and satisfaction is established where a creditor cashes a check tendered by a debtor in full payment of a disputed claim. *Barber v. White*, 46 N.C. App. 110, 264 S.E.2d 385 (1980). However, where an agent, having money belonging to his principal, pays part of it conceded to be due, but retains the balance, claiming a right to do so, the principal's acceptance, retention or negotiation of the amount paid does not constitute an accord and satisfaction. The principal is therefore not estopped from claiming the balance. *Thomas v. Gwyn*, 131 N.C. 460, 42 S.E. 904 (1902). *See also* 1 C.J.S. *Accord and Satisfaction* § 37; *Hudson v. Yonkers Fruit Co., Inc.*, 258 N.Y. 168, 179 N.E. 373 (1932).

The first issue raised on appeal is whether the trial court erred in concluding that plaintiff's acceptance of defendant's check tendered in full payment of the disputed claim constituted an accord and satisfaction. Plaintiff contends that the parties shared a fiduciary relationship and as such, the accord and satisfaction defense is not available to defendant. We agree and therefore vacate the trial court's decision.

We note that in the instant case, defendant was more than a mere debtor paying money in which he could freely retain or disburse. He was an agent with a fiduciary duty to account for money belonging to his principal, Honig. Therefore, defendant had no right to impose a condition on the payment of the amount

FIELDS v. WHITEHOUSE AND SONS CO.

[98 N.C. App. 395 (1990)]

represented by the check. To hold that plaintiff's negotiation of defendant's check constituted an accord and satisfaction would be contrary to the law and could result in a flagrant and widespread abuse of the opportunities and powers that accompany a fiduciary position. We therefore hold that the trial court's order barring plaintiff's claim must be vacated.

In light of our holding above, we deem it unnecessary to discuss plaintiff's second Assignment of Error.

Accordingly, the order barring plaintiff's claim is vacated, and the case is remanded for a new trial for disposition on the merits.

Vacated and remanded.

Judges PARKER and GREENE concur.